BENONI HAWKINS, HARRIE L. GRANT, WILMARTH & MAC-KILLOP, H. B. RUST & CO. *vs.* GEORGE B. BOYDEN.

PROVIDENCE—MAY 7, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Mechanics' Liens. Acknowledgment of Service.*

An agreement by the attorney of a party to a cause to acknowledge service of process, made within the period during which service can be made, is a waiver or acknowledgment of service, and it is immaterial that the actual endorsement of such acknowledgment is made after such period has expired.

(2) *Mechanics' Liens. Commencement of Legal Process. Filing Petition. Notice to "Owner." Notice to Trustee in Bankruptcy and to Bankrupt.*

A petition to enforce a lien was filed November 19, 1902, against X. X. was adjudged a bankrupt November 21, 1902. December 2, a trustee in bankruptcy of X. was appointed, and the title of trustee to the property of X. vested in him as of November 21. The citation was served upon the trustee twenty days before the return day. After the adjudication

in bankruptcy, X. acknowledged service of the citation. On motion by the trustee to dismiss the petition on the ground that X. was giving petitioner a lien to the prejudice of the general creditors:—

*Held*, that the lien originated when the work began, and becameo perative when the first notice was given. While the lodging of the account for the purpose of commencing legal process is jurisdictional, the petition is not of that character.

*Held*, further, that the trustee in bankruptcy was vested with title by operation of law, and was the "owner" within the meaning of chapter 206, section 10, and notice to him was both proper and necessary.

*Held*, further, that the service upon the trustee, as owner, was a sufficient service of the citation.

*Held*, further, that the acknowledgment of service by X. could only affect his possible reversion in the property, and for the same reason he was a proper party.

(3) *Interest of Lessee. Mechanics' Liens. Process.*

Where the lienee is lessee of the property in question, and the petition cites the lease, the lien is not lost because the petition claims a lien generally under chapter 206 instead of under section 2 of the chapter.

(4) *Attaching of Lien. Commencement of Legal Process.*

There is nothing in chapter 206, "Of the lien of mechanics," to warrant the construction that a lien of any kind does not attach until the notice of the commencement of legal proceedings.

PETITIONS for enforcement of mechanics' liens. Heard on motions to dismiss, and motions denied.

STINESS, C. J. These petitions to enforce liens were filed, respectively, November 3, 1902; November 19, 1902; November 20, 1902; and December 1, 1902.

A trustee in bankruptcy of Boyden, appointed December 2, 1902, has appeared specially to move to dismiss the petitions; Boyden was adjudged a bankrupt November 21, 1902, and the title of the trustee to the property vested in him as of that date.

In the Hawkins case the motion to dismiss set out that the citation had not been served twenty days before the return day.

A mistake having been made by the officer in the date of service, he was allowed to amend his return, thus showing twenty days' notice, which disposes of that motion.

(1)    In the Grant case the citation was duly served upon the

trustee twenty days before the return day.  It was not served upon Boyden because his attorney agreed with petitioner's attorney, twenty days before the return day, to acknowledge service thereof, which he subsequently endorsed on the citation.

The agreement was a waiver or an acknowledgment of service;  the actual signing of the acknowledgment was simply evidence of it.  It is therefore immaterial when this evidence was supplied, whether before or after the prescribed date, our rules requiring evidence in writing in such cases.  Acknowledgment of service is submission to the jurisdiction of the court, and as effective as the service of process by an officer, unless otherwise prescribed by statute.  In most States there is statutory provision.  In this State we have no statute upon the subject, except as to nonresidents.  Gen. Laws cap. 240, § 20.  It has, however, been the uniform practice of the court to recognize due service and jurisdiction by an acknowledgment thereof, or even by an appearance without objection. *Gorman* v. *Stillman*, 25 R. I. 55;  *Vickerie* v. *Spencer*, 9 R. I. 585.

We are therefore of opinion that sufficient evidence of service of the citation appears.

(2)   The trustee argues that Boyden could not, by an acknowledgment of service after adjudication in bankruptcy, give a lien to the petitioners to the prejudice of the estate for general creditors.  Without doubt this is true;  but the argument overlooks the distinction between the lien and the proceedings to enforce the lien.

In Gen. Laws cap. 206, the line is clearly drawn.  The lien originates when the work begins, and it becomes operative when the first notice is given, and it will be lost unless it is followed up by legal process.  The commencement of legal process consists in lodging the account in the town clerk's office, with notice to what land and buildings and to what and whose estate the demand refers.  This notice is to inform the owner and the public of the nature and extent of the account for which the lien is sought.  Hence, an omission in that notice is substantial.  Being a notice of claim of lien,

whatever is omitted in it cannot be supplied by amendment. It would not operate as a notice if it could be extended by amendment. *Harris* v. *Page*, 23 R. I. 440; *Murphy* v. *Guisti*, 22 R. I. 588.

These notices are jurisdictional.

The petition filed in this court is not of that character. It is more like a declaration in a civil case, while the notices are like an attachment. A declaration is amendable; but a substantial defect in an attachment cannot be cured by amendment. *Greene* v. *Tripp*, 11 R. I. 424. Accordingly we held, in *Murphy* v. *Guisti*, *supra*, and *Spencer* v. *Doherty*, 17 R. I. 89, that the petition could be amended; and in *Bouchard* v. *Guisti*, 22 R. I. 591, that the notice essential to the lien was not amendable. After the commencement of process by the recorded notice a petition is filed, and notice of this petition is to be given to the owner by citation and to others by publication.

The particular point made in this case is that as the trustee does not hold title by conveyance, Gen. Laws cap. 206, § 10, service on him is of no effect in the absence of proper service on Boyden.

Section 10 provides that a citation shall issue "to the owner of said property and to each and every person having a mortgage, attachment, or any other conveyance thereof, or of any part thereof, on record."

This clearly shows two classes of persons, the "owner" and those having a qualified interest; for if one had a "conveyance" of the whole interest he would be the owner, and the provision would be tautological. One may become owner by inheritance or by operation of law. The conveyance therefore relates to a conveyance of a less interest. The lien has priority of any other lien which originates after the commencement of the erection or reparation on the land. The new work is supposed to be notice enough to put one on his inquiry. *Bassett* v. *Swarts*, 17 R. I. 215. The trustee in bankruptcy is vested with title by operation of law, and therefore is the owner. Notice to him was both proper and necessary. At the time of the citation Boyden had no power to give a lien,

for his rights had been transferred to the trustee. His act did not create a lien, for that was fixed by the petitioner's acts before the citation. Subsequent parties are brought in for the purpose of marshalling the estate. They are not required to be made parties or to have notice before the citation issues. So, in *Chace* v. *Pidge*, 21 R. I. 70, it was held that the recorded notice should be in the name of the owner at the time the lien attached. It is his interest to which the lien applies. Subsequent purchasers or encumbrancers take title subject to the possible lien, as in *Bassett* v. *Swarts*, and are brought in on the citation. Thus, in *Vickerie* v. *Spencer*, 9 R. I. 585, the recorded claim of lien was against the interest of Spencer. Subsequently and before citation Spencer sold to Brown, on whom the citation was served, but no service was made on Spencer. The court held that the citation was properly served on Brown, as owner, and that the petition might be amended to state the fact of transfer of title so as to show that he was the owner; and if it was necessary that Spencer should be a party, the statute did not prevent his being summoned.

Reference is made to Gen. Laws cap. 240, § 1, where it is provided that petitions to enforce mechanics' liens shall follow the course of equity. This does not abridge, but enlarges, the power of the court; for since 1857, 4 R. I. 547, successive subpœnas in equity have been allowed until service.

It follows that service on Sweet, as owner, was a proper and sufficient service of the citation in this case, and Boyden's acknowledgment of service did not affect the petition. Boyden was a proper party, because in case of a composition the title would revest in him; and also, in case the property when sold should bring more than enough to pay his debts, he would have an interest in the surplus.

His acknowledgment of service could only affect his possible reversion.

(3)   In the Wilmarth and MacKillop case the motion to dismiss is based upon the claim that, Boyden being declared in the petition to be a lessee, the lien is given by section 2 of the act and the petition claims a lien generally under chapter 206 without specifying the section.

There is no substantial defect in this regard.

The petition cites the lease, and from that fact the lien to be decreed must be under the section which gives the lien; but the lien is not lost because the section is not referred to. A lien is only lost, by the terms of the statute, when the prescribed steps are not taken, and no one of those steps requires a reference to sections of the act. Moreover, if this were a defect in the petition under the decisions already cited, it would be amendable and not a ground for dismissal.

(4)    The second motion is for an interlocutory decree declaring that the lien must be claimed under section 2 and that said section does not provide that the interest of a lessee shall stand pledged before other liens which shall arise subsequent to the commencement of erection; and hence that the lien did not accrue until the filing of notice in the town clerk's office for commencing legal process.

There is nothing in the statute to warrant the construction that a lien of any kind does not attach until the notice of the commencement of proceedings. In point of order that is a second notice; and although, as we have held, the two notices may be combined, *Goff* v. *Hosmer*, 20 R. I. 91, no reason appears why a lien should attach on the second notice instead of the first, if it attached at the time of either notice. We fail to see the importance of this question, however, as the motion to dismiss states no way in which the trustee's interests are in any way affected by the date when the lien attached, the allegation in the petition being that the commencement of legal process was prior to the adjudication in bankruptcy.

We therefore see no ground of dismissal in this case.

In the Rust case the motion to dismiss is based upon an acknowledgment of service, which, as we have already said, was sufficient by long established practice.

The several motions to dismiss are denied.

*A. A. Baker & J. C. Collins, Jr.*, for Hawkins.

*Richard E. Lyman*, for Grant.

*N. W. Littlefield*, for Wilmarth & MacKillop.

*Raymond G. Mowry*, for Rust.

*Comstock & Gardner*, for trustee in bankruptcy.

*Van Slyck & Mumford*, for Boyden, respondent.