ELLEN FRANCES ROSE *vs.* DANIEL H. ROSE.

JANUARY 9, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEETLAND, C. J.  The above entitled cause is a petition for divorce now pending in the Superior Court within the county of Washington.   It is before us at this time upon the petitioner's appeal from a decree entered by a justice of the Superior Court vacating a former decree of that court entered by Mr. Justice SUMNER.

It appears that on February 15, 1926, said former decree was entered granting to the petitioner an allowance *pendente lite* of twenty-five dollars per week and also ordering the respondent to pay fifty dollars to the solicitor of the petitioner as counsel fee in the cause.   The respondent did not contest the motion upon which said former interlocutory decree was entered and did not seek to obtain a modification of the same after its entry, but failed to comply with its terms.   On June 15, 1926, the Superior Court in conformity with the provisions of the statute ordered an execution to issue against the respondent for the sum of $425, the amount at that time due upon said interlocutory decree. Upon September 1, 1926, the respondent was committed upon said execution to the jail in Washington county. Without seeking a modification of the decree the respondent remained in jail until February 14, 1927.   On that day he filed in the Superior Court a petition praying that "said decree be vacated and annulled or amended."   In that petition the respondent erroneously set out that a decree had been entered granting to his wife Ellen F. Rose "a divorce from bed and board and alimony."   The only

decree which at that time had been entered in the cause was the interlocutory decree for an allowance *pendente lite* and for counsel fees. In some jurisdictions and by some text-writers an allowance for the support of a wife pending the determination of a divorce petition in which she is a party is termed a temporary alimony. In the cases in this jurisdiction a distinction in terms has generally been observed by the court between an allowance *pendente lite* and alimony properly so-called, which is granted to a wife upon final decree in divorce or subsequent thereto. *Sanford* v. *Sanford*, 2 R. I. 64; *Leckney* v. *Leckney*, 26 R. I. 441. If the allowance under consideration here were in fact alimony proper it could not be enforced by execution under the statute but by proceedings in contempt.

The grounds set out in the respondent's petition that the decree be vacated are that he was not informed that his wife in her petition for divorce sought to obtain alimony, and also that his wife had "falsely represented" to the court as to the amount of his property. The respondent admits that the citation issued upon his wife's petition was read to him by the deputy sheriff charged with its service. Hence the respondent can not complain if he has failed to keep himself informed as to the travel of the cause. The respondent also admits that he knew of the proceedings before Judge SUMNER through a report of the same which appeared in the public newspapers upon the following day. Furthermore, the deputy sheriff in his return on the citation sets out that he left a certified copy of the petition in the hands of the respondent, which petition contained a prayer for an allowance *pendente lite* and also for alimony.

If by his allegation that his wife made false representations at the hearing for an allowance the respondent intends to claim that the petitioner practiced fraud upon the court, the record before us entirely fails to support such contention. The respondent did not produce a transcript of the testimony taken upon the hearing at which the allowance was made. The petitioner testified that the evidence as

to the respondent's financial ability given before Judge SUMNER was based on admissions made by the respondent to the petitioner and to other persons. We must assume that Mr. Justice SUMNER made his decision upon the testimony as to these statements of the respondent regarding the amount of his property. It is to be noted that the respondent at the later hearing to vacate the decree did not deny that he had made such statements to persons other than his wife.

The justice who entered the decree now before us took an erroneous view as to the nature of the proceedings before him. In response to the statement of counsel that Judge SUMNER made his order on the sworn testimony of witnesses the justice said, in effect, that his action upon the petition to vacate the decree for an allowance was entirely independent of, and in no way affected by, the decree entered by Judge SUMNER. The statute provides that an allowance granted to a wife *pendente lite* "shall be so far regarded as a judgment for debt that suits may be brought or execution may issue thereon for amounts due and unpaid from time to time." The statute further provides that the court "may make all necessary orders and decrees concerning the same and the same at any time may alter, amend and annul for sufficient cause." Under the statute the amount of the allowance due at the time the execution issued, and also the amount due at the time of the later hearing, was in the nature of a judgment for debt, not to be changed by the court unless the former decree should be vacated for fraud or some other reason which would warrant the annulling of a judgment. In cases in which fraud upon the court has not been shown we have held that the power of the Superior Court to alter, amend and annul a decree for allowance *pendente lite* did not extend to the alteration, amendment or annulment of a decree as the same related to amounts already due thereunder, but solely with respect to future payments under the same. *Grattage* v. *Superior Court*, 42 R. I. 546; *Hurvitz* v. *Hurvitz*, 44 R. I. 501; *Harvey* v. *Harvey*, 45 R. I. 383.

In case a husband be committed to jail upon an execution similar to the one before us here and it is made to appear that he is entirely without means to satisfy the same a question might arise as to the power of the Superior Court to provide that the execution then under consideration should not continue to run against the husband's body. Such power might be supported under the court's statutory authority to make all necessary orders and decrees concerning the allowance, and in accordance with the former holdings of this court that commitments under such executions partake of the nature of contempt proceedings, and also in view of the court's general control of its processes that they may not work injustice. No question of that nature is presented here, however, for the respondent in his petition has alleged that at the time of his commitment on the execution he was possessed of less than twelve hundred dollars and at the hearing on his petition he testified that he was possessed of $800 in cash which amount was more than sufficient to satisfy the execution.

The justice presiding appears to have given credence to the claims of the respondent as to his financial condition. After reading the respondent's testimony it appears to us that he was evasive rather than frank in his answers; his explanation does not appear satisfactory to us of his reasons for retaining a safe deposit box at the Industrial Trust Co. or his reason for making a return to the tax assessors of the town of Exeter that he was possessed of four thousand dollars intangible personal property and his continued payment of the tax assessed against him on that amount; also his testimony with regard to his interest in property in Florida appears in some respects to be self contradictory. The estimate of the respondent which we have formed from the evidence as a whole is that he is a very stubborn man who is determined at inconvenience to himself to evade the order of the court and to neglect the support of his wife in accordance with his means. His continuance in jail from September 1 to February 15, although he had ample means

to satisfy the execution, appears to be part of the respondent's plan to exhaust the resources of his wife in the payment of his board at the jail, such plan being in accordance with the erroneous notion expressed by his counsel at the hearing that the respondent's detention in jail upon the execution would be illegal if his board was not paid. Such plan, however, was ineffective, being contrary to the opinion of this court in *Mowry, Petr.*, 28 R. I. 242, to the effect that upon such commitment a wife is not required to pay her husband's board at the jail.

Notwithstanding our feeling as to the respondent's lack of good faith we should hesitate to disregard the findings of fact made by the justice. If the petitioner had been given an opportunity to fully present her defence to the respondent's petition we should be inclined to permit the decree of the justice to stand as a modification of the former decree for allowance so far as said decree relates to further payments, holding the order to be erroneous and invalid as to payments due before the entry of a later decree. Upon the record, however, we are not justified in making that determination. One of the reasons of appeal is that the petitioner was not given a full and complete hearing. It appears from the transcript that the justice made his decision vacating the former decree while the petitioner was giving her testimony and without permitting her to complete the same, and without hearing other witnesses for the petitioner, although the petitioner's counsel stated to the court that he had not finished the defence. In view of that circumstance we can not permit the decree to stand for any purpose.

The respondent was brought to court before the justice from the jail solely for the purpose of testifying at the hearing. The action of the justice was erroneous in directing at the close of the hearing that the respondent be discharged from custody on the execution. Such order is not now a bar to the power of the Superior Court to issue an alias execution upon the decree for allowance in accordance with the provisions of the statute.

The decree appealed from is reversed. The cause is remanded to the Superior Court for further proceedings.

*James O. Watts*, for petitioner.

*Herbert L. Rathbun*, for respondent.