ANNA M. DOYLE, p. a. *vs.* EUGENE ROY.

JANUARY 19, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

MURDOCK, J. This is an action of trespass on the case for negligence. The trial in the Superior Court resulted in a verdict for the plaintiff and the case is here on defend-

ant's exception to the denial of his motion to dismiss for want of jurisdiction.

The plaintiff was a minor about 19 years old when the action was commenced. Her father lives in Attleboro, in the Commonwealth of Massachusetts. The defendant has his residence in the city of Warwick, Kent county. Due service of the writ, which was returnable to the Superior Court for Providence county, was acknowleged by defendant's attorney in Providence.

The relevant statute is Section 2, Chapter 333, G. L. 1923, wherein it is provided that actions of this character shall be brought in the Superior Court for the county in which the plaintiff or defendant shall dwell or in the county in which the defendant or some one of defendants shall be found. There is no merit in the defendant's contention that he must have been found and served with process in Providence county in order to confer jurisdiction on the Superior Court for said county. By accepting, through his attorney, service of the writ, pleading to the declaration and going to trial on the merits of the case, he has submitted to the jurisdiction of the court and cannot evade its judgment on the ground that he was not found and served with process in Providence county.

The defendant's main contention in support of his exception is that the plaintiff is a minor and therefore her dwelling place is that of her father in Massachusetts. The defendant urges that the plaintiff in declaring herself as of Providence misled his attorney into accepting service of the writ.

In *Greene* v. *Willis*, 47 R. I. 375, it was held that the domicile of a minor is that of the father, if living. The statute does not require that a plaintiff shall have a domicile in the county where the suit is instituted in order to give jurisdiction to the Superior Court for that county. One may reside or dwell in a place apart from his domicile. In *Greene* v. *Willis*, *supra*, the court said: "The terms 'reside' and 'residence' when used in statutes have different meanings in different connections. They may

refer to a temporary personal existence, or dwelling, in a certain place, or they may refer to a person's legal residence, and be regarded as synonymous with domicile." *Soucy* v *Knight*, 52 R. I. 405.

The plaintiff was apparently an emancipated minor. She had been self-supporting for over three years. At the commencement of the case and for two years prior thereto she worked and lived in Providence. An unemancipated minor may have in some circumstances a residence in a place apart from his domicile,—*Kelsey* v. *Green*, 69 Conn. 291,— and it has been held that an emancipated minor may acquire a settlement apart from that of his parents. *Dennysville* v. *Trescott*, 30 Me. 470; *Charlestown* v. *Boston*, 13 Mass. 469.

The fact that the plaintiff was dwelling in Providence at the time of the commencement of the action is in our opinion sufficient to give jurisdiction to the Superior Court for Providence county even though her domicile may have been in Massachusetts.

The defendant's exception is overruled and the case is remitted to the Superior Court for the entry of judgment on the verdict.

*Vance & Vance*, for plaintiff.

*Quinn, Kernan & Quinn*, for defendant.