CHARLOTTE M. RIVARD *vs.* ANDREW J. RIVARD.

JULY 17, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition for a writ of *certiorari* to the superior court. The writ was issued, and the records in question were duly certified to this court.

The records thus certified show that, on February 10, 1944, Charlotte M. Rivard, hereinafter referred to as the wife, filed a petition for divorce from bed, board and future cohabitation with Andrew J. Rivard, the petitioner here, who will hereinafter be referred to as the husband. The divorce petition also prayed for support for the wife, for the custody and support of a minor child, and for the allowance to the wife of the household furniture of the parties.

The petition for divorce was heard upon its merits by a justice of the superior court on March 27, 1944. After reviewing and discussing the evidence, he decided as follows: "The petition is denied but *not* dismissed. The Court be-

lieving that the exigencies of this case require that this Court retain jurisdiction over the parties and their child, orders the petition to be continued alive as a pending case in this Court." (italics ours) He then proceeded to enter the following orders as part of his decision: (1) The custody of the child was given to the wife, under certain conditions; (2) the husband was to pay $10 a week for the support of the child; (3) he was to surrender a certain life insurance policy to the wife and to pay the premiums on all such policies held by the parties; (4) he was to divide equally between himself and his wife the money in the bank and the "Liberty" bonds held by him; and (5) he was either to divide the household furniture with his wife, or, in the event that he sold it, he was to give to his wife one-half the selling price, which must be a reasonable selling price. The proceedings in the instant case were thereupon brought by the husband on the ground that, since the trial justice had denied the petition for divorce, he was without jurisdiction to make any of the above-mentioned orders.

We do not intend to restate in this case what we said in the very recent case of *White* v. *White,* 70 R. I. 48. In that case we held that the trial justice, who there denied and dismissed a petition for absolute divorce after a hearing on its merits, was then without jurisdiction to enter an order *at that same time* in reference to the custody of a minor child under such petition. In the instant case the justice denied but did not dismiss the divorce petition here involved with the explanation and orders hereinbefore mentioned. Therefore, the controlling question in this case, as it was in the *White* case, *supra,* is whether a trial justice, who *denies* a petition for divorce on its merits, has jurisdiction to append to such a decision, *at the time* that it is rendered and as an integral part thereof, additional orders affecting the custody of children or the property rights of the parties.

In the determination of this narrow question, we consider inapplicable all decisions of this court and language

culled therefrom where a petition for divorce was granted and at the same time certain orders were entered in connection with such decision. Furthermore, we are not here concerned with any question of jurisdiction over interlocutory matters which may come up for determination before a justice of the superior court after the filing of a bill of exceptions by the losing party to review a decision which denied a petition for divorce on its merits.

In the instant case various contentions are made by the wife in support of the decision as rendered by the trial justice. Her first contention is that *certiorari* will not lie if there is any competent evidence to support the decision under consideration; that in this case the trial justice found certain "exigencies" which led him to enter the decision in question; and that, since the record before us has only a transcript of the trial justice's decision and no transcript of the evidence on the merits of the case, the writ of *certiorari* should be quashed, as this court cannot say that there was no competent evidence to support the factual finding of exigencies by the trial justice. This contention is without merit. Whatever the exigencies may have been, they do not affect the immediate question of jurisdiction now before us, which we have hereinbefore stated with definite limitations.

In the argument to us it was stated that the wife had instituted appellate proceedings to review the decision of the trial justice denying her petition for divorce. She therefore contends that *certiorari* does not lie because the question now at issue can be determined when her bill of exceptions is considered by this court. A similar contention was advanced and rejected by us in *White* v. *White, supra*.

The wife next contends that since the divorce petition was "denied but not dismissed", the trial justice retained jurisdiction to make the orders which he appended to his decision on the merits and made a part thereof. She thus seeks to distinguish this case from the *White* case.

A court cannot confer jurisdiction upon itself. The fact that the trial justice did not dismiss the petition for divorce is of no consequence, for it was beyond his power to extend at will the jurisdiction which the statute confers upon the court in divorce cases. The reservation of jurisdiction, which the trial justice apparently attempted to make in this case by denying but not dismissing the petition, was without effect as a matter of law. The contention of the wife on this point is, in substance, a dispute about words, rather than a reasoning on the question of law now before us. This contention is without merit.

The wife further contends that §14, chap. 416, G. L. 1938, gives the superior court jurisdiction to regulate the custody of children and to make other provisions in reference to them under a petition for divorce from bed, board and future cohabitation, whether such petition is granted or denied on its merits, even though the court has no such jurisdiction upon the denial on its merits of a petition for absolute divorce. In urging this contention she admits that all other pertinent provisions of our divorce statute make no distinction between the two kinds of divorce, and she also concedes that under her interpretation of §14 the court was without jurisdiction to adjudicate the property rights of herself and her husband, as it did in the instant case.

The portion of §14 upon which she bases her contention reads as follows: "The said court may regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced or petitioning for a divorce, and of all persons to whom a separate maintenance may be granted or who may petition for the same . . . ." The section then goes on to provide that the court may, in its discretion, make an allowance to the wife, out of the estate of the husband, for the purpose of enabling her "to prosecute or defend against any such petition for divorce or separate maintenance . . . ."

In our judgment the contention under consideration is without merit as it imports an ambiguity in this section

which is clearly unwarranted. When the section is read as a whole, there can be no doubt that, whether the petition is for absolute divorce or for a divorce from bed, board and future cohabitation, the legislature intended to provide for the custody and maintenance of children prior to the time that the petition in either case is decided on its merits; and that it further intended to provide for the custody and maintenance of children if, after a hearing on the merits, the petition is *granted*. If it was the intention of the legislature to interfere with the normal rights and obligations of married life to the extent that the wife here argues for upon the *denial* of a petition of divorce from bed, board and future cohabitation it certainly was able and undoubtedly would have expressed such an intention in very different language.

The relief prayed for in the petition for *certiorari* is granted and all of the decision of the superior court, excepting therefrom only that part which denies the petition for divorce, is quashed. This decision is without prejudice to the making of any order which the superior court may deem necessary in the course of further proceedings that may be instituted during the prosecution of a bill of exceptions to the denial on its merits of the petition for divorce. The records certified here by the superior court are returned to that court with our order, as above set forth, indorsed thereon.

*Aram A. Arabian,* for Charlotte M. Rivard.
*Ira Marcus,* for Andrew J. Rivard.