BETTY JEAN BOTELHO *vs.* ERNEST STEPHEN BOTELHO.

JUNE 18, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This is a petition for an absolute divorce brought by a wife on the grounds of extreme cruelty and gross misbehavior. Subsequent to the filing of this petition

the respondent filed a motion in the nature of a cross petition seeking a divorce from the petitioner on the ground of gross misbehavior. The petition and the cross petition were heard by a justice of the family court who thereafter, on November 26, 1962, entered a final decree denying and dismissing the petition and the cross petition. The petitioner has brought the matter to this court for review both by way of a bill of exceptions and an appeal. The decision of the family court being embodied in a final decree in order to give it effect, it is properly brought to this court on an appeal. *Tobin* v. *Tobin*, 70 R. I. 362, 371. For this reason the petitioner's bill of exceptions is dismissed pro forma.

The record discloses that the parties have been married for about eighteen years and are the parents of four minor children. It is clear that their marital relationship has been marred by persistent quarreling over family matters and by the attentions each paid to other persons of the opposite sex. There is an abundance of evidence tending to establish that petitioner on numerous occasions has been physically assaulted by respondent and that she has been subjected to substantial verbal abuse and harrassment over the years.

There is in the record also a substantial amount of evidence concerning the relationship of petitioner with Angelo Pacheco, hereinafter referred to as Pacheco. Without intending to engage in an extended discussion thereof, it discloses that petitioner for some years has known Pacheco and for some time prior to this suit had been almost continuously in his company, usually over the strong protestations of respondent. The petitioner does not deny her acquaintanceship with this man or that she had been in his company on many occasions but did testify that it was merely a friendly acquaintanceship and that no improper or immoral actions had ever occurred. It is not disputed that certain of the conduct of respondent alleged to constitute cruelty arose out of petitioner's being with Pacheco.

In his rescript the trial judge rejected the contentions of petitioner regarding her acquaintanceship with Pacheco, describing it in his own language as being for some other purpose than "mere friendship." He specifically stated that the conduct of petitioner provoked further discord between the parties and that she did not come into court with clean hands. He further stated that in his judgment there was evidence of connivance among the parties to procure the divorce, conduct which the court would not tolerate. He then denied and dismissed both the petition and the cross petition.

It is clear from an examination of his rescript that the trial justice denied and dismissed the petition on the ground that petitioner had failed to sustain the burden of proving that she, as a petitioner for an absolute divorce, was on her own part free from fault. *Lannon* v. *Lannon*, 86 R. I. 451. It has long been settled that a finding made by a justice of the superior court sitting in domestic relations would not be disturbed by this court on appeal unless it was clearly wrong. *Castelli* v. *Castelli*, 82 R. I. 232. This rule now has application to findings made by justices of the family court.

In the instant case petitioner has not persuaded us that the trial justice either overlooked or misconceived evidence material to the issue of her own freedom from fault. The record discloses that he weighed the evidence and in passing upon the credibility of the witnesses had the opportunity to observe them as they testified, an advantage which we do not have. In such circumstances we are constrained to conclude that in the state of the evidence here the finding of the trial justice was warranted, and he has not been shown to have been clearly wrong therein.

The petitioner, as we understand her, argues that the trial justice misconceived the probative thrust of the evidence adduced upon the issue of her own freedom from fault. She contends that there is nothing in the evidence that warrants a reasonable inference that the relationship between

Pacheco and herself was in any manner improper or immoral. Pursuing this argument, she directs our attention to *Thomas* v. *Thomas*, 83 R. I. 251, wherein this court held that evidence adduced on the issue of a petitioner's freedom from fault was not sufficient to sustain the judge's denial of affirmative relief to the petitioner by reason of such fault. That case involves the issue of freedom from fault on the part of a petitioner, but it is raised in circumstances that differ essentially from those in which it is raised in the instant appeal.

In that case evidence was adduced that established association of the petitioner with another woman. Evidence was also adduced through the petitioner and the other woman that their friendship was without impropriety. The trial justice in such state of the evidence found that the petitioner had been guilty of gross misbehavior and on that ground denied the petition. The question on appeal was whether the evidence was sufficient to sustain the trial justice's finding of the recriminatory offense, namely, gross misbehavior. This court took the view that it was not.

However, in the instant case the trial justice found that the relationship of petitioner and Pacheco amounted to more than a mere friendship and that it was provocative of domestic discord. As this court stated in *Harwood* v. *Harwood*, 94 R. I. 165, 179 A.2d 317, the freedom from fault that is a prerequisite to the granting of affirmative relief may be negatived by conduct that does not amount to a recriminatory offense. Such conduct on the part of petitioner is what the trial justice found in the instant case, and it is our opinion that the state of the evidence supports that finding.

The petitioner argues also that her relationship with Pacheco should not be held to constitute conduct on her part provocative of domestic discord because their marital relationship had already been destroyed by prior misconduct of respondent. This is to argue, as we understand it, that

petitioner should not be denied affirmative relief under her petition for divorce by reason of a failure to show freedom from fault on her part where it is not shown that such misconduct on her part was antecedent to the conduct of respondent that is alleged to have breached the marital covenant. However this may be, the argument merits no further consideration in the circumstances here. It is clear from an examination of the record that certain of the conduct of respondent alleged to have constituted extreme cruelty resulted directly from his finding petitioner in Pacheco's company.

There remains to be considered the contention of petitioner that the trial justice erred in refusing to permit the sixteen-year-old son of the parties to testify during the course of the hearing. It appears from the record that petitioner made an offer of proof, so called, in which she stated that the boy's testimony would relate, among other things, to the propriety of her relationship with Pacheco. A close examination of the transcript, however, does not disclose anything persuasive that the trial justice specifically ruled that the boy would not be permitted to testify. What is disclosed is that at one time he stated that it was his intention to exclude any testimony sought to be adduced through an interrogation of the boy and at another time that he would not consider any evidence adduced by way of the boy's testimony in determining the merits of the petition.

After making her offer of proof, so called, the petitioner made no effort to adduce evidence through the testimony of the boy and therefore did not require that the trial justice rule specifically either upon his competency as a witness or upon the admissibility of such testimony as he might offer. In this circumstance the court finds itself presented with no particular rulings of the trial court that the petitioner contends constitute reversible error. The record is persuasive that the petitioner did not intend to require specific rulings in these respects. We are of the opinion that

one who comes here asserting error on the part of the trial justice has the duty of pointing out the alleged erroneous rulings with sufficient specificity in order to enable this court to pass upon the validity of such assertions without resorting either to speculation or presumption. We do not perceive that any such rulings are presented to us here.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the family court for further proceedings.

*Maurice L. Dannin,* for petitioner.

*Moore, Virgadamo, Boyle & Lynch, Salvatore L. Virgadamo,* for respondent.