214 A.2d 891.
WILLIAM A. CALISE *vs.* DOROTHY F. CALISE.

DECEMBER 10, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

ROBERTS, J. This is a husband's petition for a divorce from bed and board, alleging extreme cruelty as the ground therefor. Thereafter the respondent wife brought a cross petition for an absolute divorce, alleging extreme cruelty, gross misconduct, and desertion. When the cause opened for hearing before a justice of the family court, the petitioner's oral motion to discontinue his petition was denied upon objection thereto by the respondent. After the hearing was concluded, the court entered a decision denying the petition of the husband and granting the cross petition of the wife on the ground of extreme cruelty and therein awarding custody of the children of the parties to the wife. The case is before this court on the petitioner's bill of exceptions to the decision of the family court.

The petitioner contends, first, that the trial justice erred in denying his oral motion to discontinue his petition. We have examined the record and find therein that no exception was taken to the ruling of the trial justice denying the

motion to discontinue, and for that reason we conclude that this issue is not before us.

The petitioner questions also whether the evidence adduced supports either the finding of the court that he was guilty of extreme cruelty or that respondent was free from fault on her own part. As we understand it, this is to argue that the trial justice, in making such findings, was clearly wrong in that he overlooked or misconceived material evidence relevant to those issues. The burden of showing that the trial justice was clearly wrong is on petitioner, it being well settled that a decision of a justice of the family court reached after consideration of conflicting evidence will not be disturbed in this court on review unless it is clearly wrong. *Lannon* v. *Lannon,* 86 R. I. 451.

This argument is clearly without merit as it relates to the finding of the court that the husband had engaged in conduct that constituted extreme cruelty. The trial justice in his decision points out that petitioner had made several specific physical attacks upon her, at least one of which was corroborated by a disinterested witness. There is also testimony of a medical witness that respondent's health had been impaired as a result of these physical assaults. In this state of the evidence we are constrained to conclude that the finding of the trial justice on the issue of petitioner's cruelty is supported by the evidence.

There remains petitioner's contention that there is no evidence to support the finding of the trial justice that respondent was on her own part free from fault repugnant to the marriage covenant or provocative of domestic discord. The trial justice expressly found that respondent had shown freedom from fault on her own part sufficient to entitle her to relief. After stating therein that "Respondent's conduct towards and reflections upon her mother-in-law were to say the least uncommendable," he went on to conclude that "Nevertheless the court finds that respondent's conduct in

this regard does not excuse the extreme reactions of petitioner and that her conduct was not such as to preclude her from relief." It is clear from the finding and conclusion of law thus stated that the trial justice neither overlooked nor misconceived any of the evidence adduced during trial on the question of respondent's freedom from fault.

The petitioner really argues that the conceded fact of respondent's hostility toward his mother and her denial of sexual access to him over long periods provoked his abusive treatment of her and, in law, is conduct provocative of domestic discord within the meaning thereof as stated in *Lannon* v. *Lannon, supra*. We cannot agree. If it be conceded that demonstrations of incompatibility with in-laws may give rise to emotional distress and foster dissension between spouses, it is nevertheless our opinion that for such hostility of itself to amount to conduct provocative of domestic discord, it must of necessity be extreme in its character. There is in the instant record nothing that discloses such extreme incidents of personal hostility between respondent and her mother-in-law, and, as the trial justice expressly found, her conduct, while not commendable, did not suffice to justify petitioner's reactions. In short, having found that the conduct of petitioner constituting extreme cruelty was not justified by the conduct of respondent, it is our opinion that the trial justice's grant of relief to her was proper.

Conduct provocative of domestic discord as found by this court is something more than mere family controversy and usually is such as to disclose that it would be inequitable to grant relief by way of divorce to one who by his own conduct has provoked or induced conduct in the other spouse that breaches the marital covenant. *Sargent* v. *Sargent*, 93 R. I. 359. In *Lannon* v. *Lannon, supra*, we held such conduct proved where it was established that the petitioning wife had consorted frequently with other men, re-

mained away from home until the early hours of the morning, and had physically assaulted her husband when he objected to her conduct. In *Salvatore* v. *Salvatore,* 61 R. I. 109, the respondent, who had been consorting persistently with another woman, was found to be guilty of such provocative conduct, and in *Botelho* v. *Botelho,* 96 R. I. 379, 192 A.2d 5, a petitioning wife's persistence in keeping company with another man over her husband's objection, found by the trial justice to prove "more than a mere friendship," was sufficient to bar her from relief.

The contention of the petitioner as to the provocative character of the respondent's denial of sexual access to him as constituting fault sufficient to bar her from relief is without merit. There is conflicting testimony as to the sexual relations of the parties, on the basis of which the trial justice well could find, as he did, that the wife's refusal of access to her husband was justified. If that be so, it could not amount to conduct provocative of domestic discord. From our examination of the record we are persuaded that the trial justice, in concluding that the respondent had established her freedom from fault in a degree sufficient to warrant relief, by clear implication was finding that her refusal of sexual access was justified. In such circumstances this court will not disturb the findings of a justice of the family court.

All of the petitioner's exceptions briefed and argued are overruled, and the case is remitted to the family court for further proceedings.

*Votolato & Votolato, Arthur N. Votolato, Arthur N. Votolato, Jr.,* for petitioner.

*Kirshenbaum & Kirshenbaum, Isidore Kirshenbaum, Alfred Factor,* for respondent.