234 A.2d 358.

MARJORIE G. SUNDLUN *vs.* WALTER I. SUNDLUN.

OCTOBER 27, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J.   This cause was heard before a justice of the family court on the wife's amended petition for divorce from bed and board on the ground of extreme cruelty, and on the husband's amended cross petition for absolute divorce on the grounds of extreme cruelty and willful desertion.   After a hearing on the merits, a decree was entered denying and dismissing the wife's petition and granting the husband's petition on the ground of extreme cruelty.   The petitioner has filed an appeal from that decree, as well as from certain other decrees which were entered during the pendency of this cause in the family court.   Additionally, the cause is here on the respondent's appeal from an order of the family court pertaining to support payments.

A brief discussion of the travel of this case will be helpful in understanding the issues raised by these appeals.   On September 9, 1964, petitioner filed in the family court a petition for absolute divorce and a motion for temporary allowance and counsel and witness fees.   On October 1, 1964, respondent filed a cross petition praying for an absolute divorce on the grounds of extreme cruelty and willful desertion.

After a hearing on the motion for temporary allowance, a decree was entered on October 22, 1964, awarding petitioner the sum of $100 per week for her support and maintenance until further order of the court.   The decree provided that the question of counsel and witness fees was to be left open for further consideration with the right of both parties to introduce evidence with respect thereto.

It appears from the record that no further court proceedings took place until October 8, 1965, when petitioner's motion to amend her petition from one for absolute to bed and board divorce was granted by the family court.   There-

after, on October 22, 1965, respondent filed an amended cross petition for absolute divorce on the same grounds set forth in his prior cross petition. The case was heard on the merits on various days during the period commencing on February 28, 1966, and ending on April 20, 1966. The trial justice filed a decision on July 20, 1966, sustaining respondent's cross petition, and on July 28, 1966, a decree was entered denying and dismissing the wife's petition and granting the husband's cross petition on the ground of extreme cruelty. As we have previously stated, petitioner appealed from that decree.

On August 2, 1966, while the appeal was pending, respondent filed a motion to modify the decree entered on October 22, 1964, ordering him to pay petitioner weekly support. He based this motion on the ground that there was a material change in his circumstances and also on the ground that petitioner was not without means. On October 13, 1966, this motion was amended and, as amended, moved that the decree in question be modified and/or vacated.

On October 18, 1966, while the above motion was pending, a decree was entered, upon an oral motion made in the family court by petitioner, ordering respondent to pay to petitioner all weekly unpaid payments which became due under the October 22, 1964 decree. The respondent has filed an appeal from this decree.

On November 10, 1966, petitioner filed a motion requesting counsel fees for legal expenses incurred in defending the various motions filed by respondent subsequent to the entry of "Final Decree."

After completing the hearings on respondent's amended motion to modify and/or vacate and on petitioner's November 10, 1966 motion for counsel fees, the trial justice filed a written decision on February 21, 1967, in which he discussed the issues raised by both motions. Thereafter,

on February 24, 1967, two decrees were entered, one denying petitioner's motion for counsel fees and the other vacating the October 22, 1964 decree. Each decree was based on the trial justice's decision. The petitioner has filed an appeal from each decree.

The parties have briefed and argued their opposing contentions under eight main points. For convenience we shall treat them in like manner.

Under point 1 petitioner argues that the family court lacked jurisdiction because of invalid service of the petition. She conceded in the oral argument before this court that the family court had jurisdiction of the subject matter of this cause, but she contends that the family court lacked jurisdiction of the person because the citation was not served on respondent in accordance with the Rules of Practice and Orders of the Family Court.

It appears from the record that after the petition was filed in the family court, a citation issued in accordance with rule 43 3.b. The citation was directed "To the Sheriffs of our several counties, or to their Deputies." Rule 43 9. provides, in pertinent part, that:

> "Service of citations shall be made by leaving a certified copy thereof in the hands and possession of the Respondent, or by leaving a certified copy thereof at his usual place of abode with some person living there."

The entry on the citation does not indicate that it was served by a sheriff or deputy. It appears therefrom that respondent accepted service thereof. The following entry appears on the reverse side of the citation over the signautre of respondent: "Due and lawful service of the within Citation is hereby acknowledged this 10th day of September, 1964." The entry on the citation also indicates that it was returned and filed in the office of the clerk of the family court on October 9, 1964.

The petitioner contends that the failure to comply with the rules of the family court with respect to the method of service of the citation deprived the family court of jurisdiction of respondent. Stated another way, petitioner argues that acceptance of service of the citation by respondent, absent statutory authority to do so, was a nullity and did not confer jurisdiction of respondent on the family court.

The petitioner concedes that this question was not raised in the family court. Assuming, however, that the question is properly before us and that petitioner has standing to raise this issue, we hold that there is no merit in her instant contention.

It is well-established practice in this state that an acknowledgment of service on the citation or the general appearance of a defendant is equivalent to service. As the court said in *Hawkins* v. *Boyden,* 25 R. I. 181, 183, 55 A. 324, 325.

> "* * * Acknowledgment of service is submission to the jurisdiction of the court, and as effective as the service of process by an officer, unless otherwise prescribed by statute. In most States there is statutory provision. In this State we have no statute upon the subject, except as to nonresidents. Gen. Laws cap. 240, §20. It has, however, been the uniform practice of the court to recognize due service and jurisdiction by an acknowledgment thereof, or even by an appearance without objection. * * *"

See also *Doyle* v. *Roy,* 54 R. I. 98, 99, 170 A. 91, 92, where the court said:

> "* * * By accepting, through his attorney, service of the writ, pleading to the declaration and going to trial on the merits of the case, he has submitted to the jurisdiction of the court and cannot evade its judgment on the ground that he was not found and served with process in Providence county."

And in *Gorman* v. *Stillman,* 25 R. I. 55, 58, 54 A. 934, 936, the court stated:

"That jurisdiction of the person is obtained by his voluntary appearance, either in person or by attorney, there can be no doubt. * * * And, having once appeared generally, we understand the ordinary rule to be that objection cannot subsequently be raised to the jurisdiction as to the person of the party thus appearing. * * *"

See also *Industrial Trust Co.* v. *Rabinowitz,* 65 R. I. 20, 22, 13 A.2d 259, 260, and *Mack Construction Co.* v. *Quonset Real Estate Corp.,* 84 R. I. 190, 194, 122 A.2d 163, 164, where the court discusses the effect and consequences of a general appearance.

We conclude our discussion of this issue with the words of Chief Justice Ames in *Cooke* v. *The Second Universalist Society,* 7 R. I. 17, 18, where he succinctly stated the rule as follows:

"It would certainly be inconsistent with the general rules of practice, that the defendants, after appearing in this case, pleading to its merits and submitting them to a jury in the court below, should, upon the plaintiff's appeal to this court, be permitted to dismiss the appeal upon the ground that the original writ of summons was not properly served upon them. The sole purpose of the writ is to bring the defendants before the court, and when they have come in, there is an end of it; since they might have come in upon the writ, without any service of it whatever. * * *"

In view of our own decisions on this question we need not discuss the cases which petitioner cites from other jurisdictions.

We shall consider petitioner's contentions under points 2 and 3 together. Under point 2 she argues that the findings on which the trial justice based his decision on the merits are clearly wrong and that he misconceived and overlooked material evidence in arriving at his decision. Under point 3 she contends that the trial justice erred in finding that respondent was without fault.

The transcript is replete with conflicting evidence on material issues. Each party presented evidence which, if believed, would support findings of extreme cruelty and freedom from fault. The evidence presented by petitioner is such that, if believed, would support a finding of freedom from fault on her part and a finding that respondent was guilty of extreme cruelty. On the other hand, the evidence presented by respondent, if believed, would support a finding that he was without fault and that petitioner was guilty of extreme cruelty.

After the hearing, the trial justice filed a written decision in which he reviewed the evidence and the testimony of the parties and witnesses. He stated expressly that he found the testimony of petitioner and her witnesses "generally not worthy of belief," but that the testimony of respondent and his witnesses was "straight forward and convincing." He also made an express finding that respondent's conduct toward petitioner was without fault and did not affect her health. He based his decision denying and dismissing her petition on the ground that she had failed to sustain the burden of proof necessary for a finding of extreme cruelty. On the other hand, he found that petitioner was guilty of extreme cruelty toward respondent as alleged in the cross petition and accordingly granted the cross petition.

In substance, the issues raised by petitioner are whether the evidence supports the findings that she was guilty of extreme cruelty and that respondent was free from fault on his own part. We repeat what has been said many times, that the long-established rule in this state is that findings of fact made by a family court justice on conflicting evidence will not be disturbed unless it is shown that such findings are clearly wrong or that the trial justice overlooked or misconceived material evidence relevant to the issues decided. *Calise* v. *Calise*, 100 R. I. 306, 308, 214 A.2d 891, 892. The burden of showing that the trial justice was clearly

wrong or that he overlooked or misconceived material evidence is on the appellant. *Calise* v. *Calise, supra.* See also *Marcotte* v. *Marcotte,* 102 R. I. 312, 314, 230 A.2d 429, 430.

As we have previously indicated, the evidence on the material issues was in direct conflict. The decision of the trial justice is based entirely on credibility. There is evidence in the record to support his findings that petitioner was guilty of extreme cruelty and that respondent was free from fault, but in our opinion no useful purpose would be served by a discussion of the evidence and we have therefore refrained from such discussion. On this record we cannot say that the trial justice was clearly wrong.

We have carefully examined the evidence which petitioner claims the trial justice either overlooked or misconceived and are of the opinion that there is no merit in her contentions in this regard. The trial justice pointed out the evidence on which he based his findings, and, as we have already pointed out, he based his findings and his ultimate decision on credibility. In the resolution of questions affecting the weight of the evidence and the credibility of witnesses, he is in a better position than this court where the evidence is conflicting. *Marcotte* v. *Marcotte, supra.*

In *DiMaio* v. *Del Sesto,* 102 R. I. 116, 228 A.2d 861, 864, in reviewing the plaintiff's exception to the denial of his motion for a new trial, the court made the following significant statement:

> "* * * The failure to refer to other evidence contradictory to that on which the trial justice relied, however, does not constitute misconceiving or overlooking material evidence, if the trial justice refers to the evidence on which he did rely and in so doing clearly indicates that evidence to the contrary is rejected by him."

In our opinion the rationale of the statement in *DiMaio* applies here. We are not persuaded that the trial justice misconceived or overlooked any material evidence.

Under points 4 and 5 petitioner has briefed and argued a group of exceptions with regard to certain evidentiary rulings. We have examined her contentions in reference thereto and after careful consideration find no merit in her contentions that the questioned rulings constitute prejudicial error.

Under point 6 petitioner contends that the trial justice erred in refusing to permit her to make an offer of proof. It appears from the transcript that during the examination of Dr. Wilson, after the trial justice had sustained respondent's objections to the questions discussed under point 4 of petitioner's brief, a bench conference took place between the trial justice and counsel for the parties. After the conference, petitioner's counsel, as we understand the transcript, attempted to put on the record, by way of an offer of proof, the conversation that took place at the bench conference. The trial justice ruled that petitioner could put anything he wanted on the record, but that he could not put into the record the conversation that took place between the attorneys and the court.

The instant exception was directed solely to the ruling rejecting petitioner's offer of proof of the conversation which took place at the bench conference; it was not directed to a ruling sustaining an objection to the exclusion of evidence offered by petitioner through herself or any of her witnesses. In this context the offer of proof was meaningless. We hold that the trial justice's ruling was correct.

Under point 7 petitioner argues that the trial justice was clearly wrong in considering evidence of acts of cruelty which had been condoned by the parties. It appears that on November 15, 1962, petitioner had filed a petition for divorce which was returnable to the family court on the first Monday of January 1963. This petition, though filed in the family court, was never served on respondent. During the hearing of the instant petition the trial justice grant-

ed petitioner's motion to discontinue the November 15, 1962 petition.

The question of condonation resulting from the discontinuance of the November 15, 1962 petition was raised during the hearing on the merits of the case at bar. However, we do not believe that there is any merit in petitioner's contentions on this issue. If there was any condonation by virtue of the discontinuance of the 1962 petition, it was petitioner who condoned — not respondent. Moreover, since the trial justice found, on the basis of the weight of the evidence and the credibility of the parties, that the respondent was free from all acts of cruelty, it follows that petitioner condoned nothing.

The sole question raised by respondent's appeal from the decree entered on October 18, 1966, is whether, in view of the decision and decree on the merits, the family court had jurisdiction to make any orders relating to the interlocutory support decree which had been entered on October 22, 1964. The parties have briefed and argued this issue under point 8.

For the sake of clarity we summarize the pertinent facts in the travel of this case. After the decision on the merits on July 20, 1966, and after the entry of the court's decree on July 28, 1966, denying and dismissing the petition and granting the cross petition, respondent on August 2, 1966, filed a motion to modify the October 22, 1964 support decree. The hearing on this motion commenced on October 4, 1966, but on October 13, 1966, respondent moved to amend his motion by including a prayer for vacating the October 22, 1964 decree. The motion to amend was granted. The hearings on the motion, as amended, extended on various dates from October 13, 1966, through November 10, 1966. It appears from the record that at the time of the February 21, 1967 decision, respondent was twenty-one

weeks in arrears on payments due under the October 22, 1964 decree.

On October 18, 1966, at the conclusion of the day's hearing, but before the conclusion of the full hearing on respondent's motion to modify and/or vacate, the trial justice granted petitioner's oral motion to order respondent to pay her the weekly payments which were then in arrears. A decree containing such order was entered on the same day, and on October 20, 1966, respondent filed a claim of appeal therefrom.

The respondent contends that the decision on the merits struck down and vacated the October 22, 1964 support decree and that therefore the family court lacked jurisdiction on October 18, 1966, to order respondent to pay arrearages on the October 22, 1964 decree. The respondent relies on *Ash* v. *Ash,* 50 R. I. 1, 144 A. 437; *Rivard* v. *Rivard,* 70 R. I. 305, 38 A.2d 771; *White* v. *White,* 70 R. I. 48, 36 A.2d 661; and *Rotondo* v. *Rotondo,* 84 R. I. 476, 125 A.2d 118. These cases are factually distinguishable from the case at bar and are of no help to respondent.

In our opinion *Harvey* v. *Harvey,* 45 R. I. 383, 123 A. 82, is controlling on this issue. In that case the husband filed for a divorce and the wife was awarded temporary support for herself and her child until further order of the court. Before the case was heard on its merits, the wife cross petitioned for a bed and board divorce. The petition was granted and the cross petition was denied, whereupon appellant proceedings were commenced by the wife. Approximately three months after decision on the merits, the husband's motion to modify the aforementioned temporary support order was granted. The superior court not only found that the respondent was no longer entitled to receive this temporary support, but in addition made its decree retroactive to the date of the decision on the merits thereby vacating an execution which had been ordered and issued

against the petitioner covering weekly payments which were in arrears on the temporary support order and which the petitioner had been ordered to make.

We said that it was within the province of the superior court to modify the temporary support decree in the manner in which it did, but we concluded, however, "* * * that the decree of the Superior Court so far as it was retroactive and undertook to wipe out any claim which the respondent had for a balance which had already accrued, and for a portion of which an execution had been issued, was error." *Harvey* v. *Harvey, supra,* at 386, 123 A. at 83.

In our opinion, *Harvey* v. *Harvey, supra,* necessarily implies that a temporary support order, awarded to a party subsequently found to be the guilty party when the case is heard on its merits, continues in existence pending disposition of an appeal until further order of the court which entered the order. It therefore follows that the decree of October 18, 1966, was valid in that it merely enforced the October 22, 1964 decree which, in itself, was valid as of October 18, 1966, and which continued to remain valid until the family court's decision on February 21, 1967, vacating this decree. It is our opinion that the family court did not err in making the orders contained in the October 18, 1966 decree.

We come now to petitioner's appeals from the two decrees entered on February 24, 1967. The hearings on respondent's motion to modify and/or vacate the October 22, 1964 decree and on petitioner's November 10, 1966 motion for counsel fees were concluded on November 10, 1966. Thereafter, on February 21, 1967, the trial justice filed a written decision wherein, after reviewing the evidence, he made findings of fact on the basis of which he granted respondent's motion to vacate the October 22, 1964 decree and at the same time he denied petitioner's motion for counsel fees. On February 24, 1967, two decrees were en-

38

tered, one vacating the October 22, 1964 decree and the other denying the motion for counsel fees.

We consider first the appeal from the decree vacating the October 22, 1964 decree. The trial justice based his order vacating that decree on express findings that there had been a substantial change in the circumstances of respondent since the entry thereof, as well as upon his finding that petitioner was possessed of substantial property of her own. Additionally he concluded that since she was the guilty party, she was living separate and apart from her husband without cause and was therefore not entitled to support from him.

On this record we cannot say that the pertinent findings relative to a material change in circumstances are not supported by competent evidence. We do not find it necessary to relate the evidence on which the trial justice based his decision; nor have we been persuaded that he misconceived or overlooked material evidence in making his findings. We do believe, however, that the decision and decree vacating the October 22, 1964 decree are, in part, contrary to law.

It is our opinion that the decree in question is invalid insofar as it attempts to deprive petitioner of her right to the unpaid weekly amounts that were due to her under the October 22, 1964 decree. The weekly payments due thereunder ripened into judgments with the passing of each week, absent an appeal or modification of such decree. *Pires* v. *Pires,* 102 R. I. 23, at 26, 227 A.2d 477, 479. As the court said in *Rose* v. *Rose,* 49 R. I. 64, 67, 139 A. 667, 669:

> "* * * In cases in which fraud upon the court has not been shown we have held that the power of the Superior Court to alter, amend and annul a decree for allowance *pendente lite* did not extend to the alteration, amendment or annulment of a decree as the same related to amounts already due thereunder, but solely with respect to future payments under the same. * * *"

See also *Parenti* v. *Parenti,* 71 R. I. 18, 23, 41 A.2d 313, 315, 316; *Gartner* v. *Gartner,* 79 R. I. 399, 406, 89 A.2d 368, 372; *Gordon* v. *Gordon,* 95 R. I. 299, 303, 186 A.2d 732, 734. In *Parenti* v. *Parenti, supra,* at 23, 41 A.2d at 315, 316, the court spoke as follows:

> "It should be noted, however, that orders and decrees issued under the authority of the above statutory provisions modifying previous outstanding orders for allowance cannot be made to operate retroactively, *Harvey* v. *Harvey,* 45 R. I. 383, but they look toward the future, *Asadoorian for Writ of Habeas Corpus, supra.* And it is well settled that an allowance *pendente lite* is so far regarded as a judgment for debt, when accrued and unpaid, that the court cannot by decree reduce or cancel the amount thereof upon a motion to modify, suspend or vacate the order for such allowance. *Hurvitz* v. *Hurvitz,* 44 R. I. 501; *Grattage* v. *Superior Court, supra.*"

The petitioner's appeal from the decree denying her motion for counsel fees, having been neither briefed nor argued, is deemed to be waived.

The respondent's appeal is denied and dismissed, and the decree entered on October 18, 1966, is affirmed. The petitioner's appeal from the decree entered on July 28, 1966, is denied and dismissed and the decree is affirmed. The petitioner's appeal from the decree entered on February 24, 1967, denying her motion for counsel fees is dismissed pro forma. The petitioner's appeal from the decree vacating the October 22, 1964 decree is sustained in part, and the cause is remanded to the family court with direction to amend the decree in accordance with this opinion and for further proceedings.

*John P. Bourcier,* for petitioner.

*Baker & Sundlun, John F. McBurney,* for respondent.