**Gaetano J. QUARTO**

v.

**Judith QUARTO.**

**No. 79–385–Appeal.**

Supreme Court of Rhode Island.

Feb. 2, 1982.

Felix A. Appolonia, West Warwick, for petitioner.

Kirshenbaum & Kirshenbaum, Albert John Mainelli, Providence, for respondent.

OPINION

WEISBERGER, Justice.

This case comes before us on the appeal of Judith Quarto (wife) from an entry of final decree of divorce pursuant to the petition of Gaetano J. Quarto (husband) on the ground of irreconcilable differences. The wife does not challenge the entry of the decision for divorce on its merits but challenges the entry of the final decree on procedural grounds. We affirm. The pertinent facts are as follows.

A justice of the Family Court entered a decision for divorce based on the husband's petition on September 20, 1978, on the ground of irreconcilable differences. This interlocutory decree was entered subsequent to a hearing that had taken place on September 15, 1978, after the case had been continued in order to give the wife an opportunity to appear. She did not appear in person to oppose the divorce although she was represented by counsel. In the decision the wife was given thirty days in which to apply to the court for a hearing on matters that were not considered at trial in relation to fault and alimony. No such hearing took place.

On February 14, 1979, the husband filed a motion for entry of final decree of divorce and duly gave notice to the attorneys for the wife that the motion would be heard by the Family Court on March 9, 1979. The attorneys for the wife filed an objection to the entry of final decree, which objection

was also placed on the calendar for hearing to March 9, 1979.

Although neither party has furnished us with a transcript of the hearing that took place on March 9, 1979, it is apparent from a later transcript that the wife's objection to the final decree was based upon her alleged need for treatment at a psychiatric hospital. In order to obtain such treatment under advantageous financial conditions, she wished to retain benefits under her husband's insurance contract. These benefits would not be available to her after the bond of marriage had been severed.

Taking this into account, the trial justice stated that he would postpone entry of the final decree in order to give the wife an opportunity to obtain such treatment. It was further agreed by the parties that the husband's liability for such treatment would be limited only to the amount that would be payable from his insurance. It was further agreed that the wife's father would file a bond with the clerk of the Family Court guaranteeing that he would hold the husband harmless for any medical bills exceeding the amount of the insurance coverage. This bond was to remain in effect until April 15, 1979, and counsel was notified that all arrangements, including a hospitalization of approximately two weeks' duration, were to be completed by April 17, 1979.

On April 20, 1979, the trial justice held a hearing at which both counsel for the wife and counsel for the husband were present. At that hearing the trial justice made the following succinct observation:

"I told you on March 9th that I would give you until April 17th. If the thing had not been arranged by April 17th, that I would enter the Final Decree. Entry of the Final Decree in this case is in order now."

Further, at the hearing it was disclosed that no bond had ever been filed by the wife's father although counsel stated that he had such a bond in his possession on April 20. The hospitalization had not taken place, and no excuse or reason for this failure was advanced.

The wife's sole ground for appeal is that she was not given notice of the hearing on April 20. She points out correctly that under the provisions of G.L.1956 (1981 Reenactment) § 15–5–23, if a final decree is not entered within thirty days after the expiration of three months from the date of the decision, such a final decree may be entered only in open court and on motion with notice to the opposing party in cases in which the original petition was answered. Such a motion, however, was filed on February 14, 1979, and the matter was heard in open court on March 9, 1979, in accordance with the motion. On March 9, 1979, the trial justice allowed a postponement until April 17, 1979, in order for the wife to obtain medical treatment. He notified counsel on March 9 that if arrangements had not been completed by April 17, he would enter the final decree.

On April 20, 1979, counsel for the wife was present and argued extensively against the entry of the final decree. At that time, he did not ask for a continuance to present evidence and rested on his factual assertions regarding the reasons for nonfiling of the bond by the wife's father. Certainly, the presence of counsel and his participation in the hearing would erase any prejudice that might be claimed as a result of a lack of formal written notice of this continued hearing. See Bouchard v. Bouchard, R.I., 382 A.2d 810, 814 (1978); Sundlun v. Sundlun, 103 R.I. 25, 30–31, 234 A.2d 358, 361–62 (1967). Nothing in the case at bar indicates that the wife's attorney was in any way inhibited or precluded from presenting such reasons as he had in opposition to the entry of the final decree either on March 9, 1979, or on April 20, 1979. Indeed, it is doubtful that his stated reasons in opposition to the entry of the final decree had any legal validity on March 9, 1979, or on April 20, 1979.

For the reasons heretofore stated, the appeal of the wife is denied and dismissed. The final decree entered in the Family Court is affirmed, and the papers in the case may be remanded to the Family Court.