C. H. Langdeau, *Liquidator for the State Board of Insurance of the State of Texas vs.* Narragansett Insurance Company.

October 14, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is an appeal by the complainant from a decree of the superior court granting the petition of Louis V. Jackvony, Jr. as director of business regulation of the state of Rhode Island to intervene and become a party in the case.

On August 7, 1959 the complainant filed this bill of complaint against Narragansett Insurance Company, a corporation chartered by an act of the general assembly of this state at its January session 1939, alleging therein that he was the liquidator for the state board of insurance of the state of Texas and that he was in charge and control as statutory receiver of the assets of I. C. T. Insurance Company, a Texas corporation, which on March 5, 1957 was placed in receivership by a court of the state of Texas. The bill further alleges that a majority of the stock of the Narragansett Insurance Company is owned by the I. C T. Insurance Company; that there is on deposit with the general treasurer of the state of Rhode Island $200,000 in United States Treasury Bonds placed there by the Narragansett Insurance Company; that the latter company is not now licensed to do business in this state; that it is solvent

although there are substantial claims pending against it, some of which have been sued upon; and that this complainant desires to have such suits properly defended and therefore desires to have a receiver appointed under the general equity powers of the court for that purpose.

The complainant prays that J. Frederick Murphy, attorney of record in certain of the pending cases, be appointed receiver authorized to marshal and take possession of the assets of the respondent, to defend pending suits and dispose of any other valid claims.

Following the filing of the bill an order was entered providing for the issuance of a citation to the respondent returnable on September 21, 1959, also for notice of the filing of the bill by publication in the Providence Journal. It does not appear from the papers that any reply to the bill has been made by respondent corporation.

On November 23, 1959 the said petition to intervene was filed by the director of the department of business regulation of and for the state of Rhode Island under general laws 1956, §9-14-14, as amended. The petition recites the pertinent allegations of complainant's bill and states that the complainant prays for the appointment of a receiver in delinquency proceedings as defined in G. L. 1956, §27-14-2 (2); that the respondent corporation is an insurer domiciled in this state as defined in the Uniform Insurers Liquidation Act, G. L. 1956, chapter 27-14; and states in conclusion that petitioner by reason of the allegations of his petition is a party in interest in said bill of complaint.

The said petition to intervene was heard by a justice of the superior court who later filed a rescript granting the prayer of the petitioner. The complainant duly filed an appeal to this court.

The single issue which has been presented by complainant to this court is: Is the state of Rhode Island an interested person within the meaning of G. L. 1956, §9-14-14, so as to be allowed to intervene in this equity suit?

In a determination of this question we, of course, take the essential facts as they are alleged in the bill. The issue on this appeal is a narrow one. The complainant does not contend that if a person is interested in the subject matter of the suit he should not be permitted to become a party, but he does insist that petitioner has not in his petition alleged an interest and that at the hearing he did not show that he had an interest.

The allegations of the bill — namely, that respondent is an insurance company chartered in this state, that it formerly did business in this state but is now no longer licensed to so act, that it is solvent, that substantial claims against it are being pressed, that it has on deposit with the general treasurer of the state a substantial amount of money in the form of government bonds, and lastly that in the bill a receiver is being requested to conserve respondent's assets — depict an accurate picture of a delinquency proceeding as defined in G. L. 1956, §27-14-2 (2) which reads, " 'Delinquency Proceeding' means any proceeding commenced against an insurer for the purpose of liquidating, rehabilitating, reorganizing, or conserving such insurer." Since in his bill complainant has set forth a delinquency proceeding within the expressed meaning of the statute, the department of business regulation of and for the state of Rhode Island in the person of Louis V. Jackvony, Jr., its director, at once became a person in interest and was bound to seek the permission of the court to become a party because, if upon hearing the evidence showed the need of a receiver, he was the person required to be named. G. L. 1956, §27-14-3. Again interest on the part of the said director, as the agent of the state, is shown in the bill since the state, as custodian of bonds deposited by respondent herein, has a duty through the said director to see that such bonds are released only upon proper showing.

We are therefore of the opinion that the bill shows on its face an interest in the state, that the director of business

regulation properly requested that he be made a party, and that the trial court was not in error in granting the petition to intervene.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*J. Frederick Murphy, John F. Cuzzone, Jr.* for complainant.

*Herbert F. DeSimone,* solicitor for director of business regulation of State of Rhode Island for intervenor.