FLETCHER *v.* STATE TREASURER

1. INSURANCE—TORT-JUDGMENT CREDITORS—PRIORITY OF PAYMENT.

Tort-judgment creditors of policyholders have no priority over general creditors in the statutory trust fund, deposited with the State Treasurer by a domestic casualty company, when it became insolvent, since there is no state or United States law which accords tort-judgment creditors priority of payment from the general assets of the insurer and, hence, their claims are not preferred.

2. INSURANCE—TORT-JUDGMENT CREDITORS—CLAIMS—GENERAL ASSETS.

Deposit by a domestic casualty company, when it became insolvent, of a sizable sum of securities with the State Treasurer in accordance with the requirements of the Insurance Code of 1956 was not made for the security of a limited class of persons but "for the benefit of all policyholders" and so tort-judgment creditors' claims are not special deposit claims; the deposit being deemed to be a part of general assets and, thus, their claims must share with other creditors accordingly (MCLA § 500.7837[9], [10]).

Appeal from Court of Appeals, Division 2, Quinn, P. J., and McGregor and V. J. Brennan, JJ., affirm-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur 2d, Insurance § 63.

Remedy of creditor of corporation to reach fund or securities deposited with state official as security for its obligations. 101 ALR 496.

Character or class of claims protected by deposit by foreign corporation as condition of doing business, and rank of priority of such claims. 104 ALR 748.

Allocation, as between special fund created pursuant to statute for benefit of certain class of creditors and general assets of insolvent, of payment on claim having priority as to both the special fund and general assets. 106 ALR 713.

ing Ingham, Marvin J. Salmon, J. Submitted October 8, 1970. (No. 6 October Term 1970, Docket No. 52,408.) Decided December 30, 1970.

16 Mich App 87 affirmed.

Complaint by Lynn E. Fletcher and LaMar E. Fletcher against the State Treasurer for payment from an insolvent insurance company's deposit of securities with defendant. Defendant's motion for summary judgment granted. Plaintiffs appealed to the Court of Appeals. Affirmed. Plaintiffs appeal. Affirmed.

*Dobson, Griffin & Barense,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko, Jr.,* Assistant Attorney General, for defendant.

DETHMERS, J. In 1964 plaintiff, Lynn E. Fletcher, obtained a circuit court judgment for $40,000, and plaintiff LaMar E. Fletcher one for $4,400.38, against the fiduciary of Donald C. Schultz for damages sustained in an automobile accident in 1960, caused by the latter's negligence. He was insured with the Preferred Insurance Company, a Michigan corporation, against property damage and bodily injury liability arising from automobile collision.

In 1964 a receiver for the insurance company was appointed because it had become insolvent. It had, long before, deposited a sizeable sum of securities with the State Treasurer in accordance with the requirements of the Insurance Code of 1956, § 413 (CLS 1961, § 500.413 [Stat Ann 1957 Rev § 24.1413]).

In 1967 plaintiffs started this action against the State Treasurer in the Ingham County Circuit Court seeking a judgment declaring the existence of a trust

created by the company's statutory deposit with the State Treasurer and directing the State Treasurer or receiver, or whoever was in control of the deposit, to pay plaintiffs therefrom the full amounts of their mentioned judgments with interest. This action was transferred to the court in which the receivership was pending.

Defendant's motion for summary judgment was granted by the circuit court, dismissing plaintiffs' action without prejudice to their rights to pursue payment of their claims in the receivership proceeding. In so doing, the circuit court held that the deposited securities of Preferred Insurance Company were general assets held in trust for the benefit of all of Preferred's policyholders and creditors and that they were not a special deposit to which plaintiffs' judgments had a special deposit claim and that they did not have a preferred claim.

On plaintiffs' appeal to the Court of Appeals the judgment below was affirmed. From that, on leave granted, plaintiffs' appeal is now before us.

The question involved is whether tort-judgment creditors of policyholders have priority over general creditors in the statutory trust fund, deposited by a domestic casualty insurance company, when it becomes insolvent.

The statute under which the deposit was made (CLS 1961, § 500.413 [Stat Ann 1957 Rev § 24.1413]) reads in part as follows:

"(1) The commissioner shall not authorize an insurer to transact casualty insurance or disability insurance (other than a life insurer) in this state until it has complied with the applicable deposit requirement, as follows:

"(a) A domestic stock insurer must, within 18 months from the date of its articles of incorporation, deposit with the state treasurer $200,000.00. The

deposit shall be, and shall be maintained, in securities at market value, exclusive of interest, and of the kind and character in which domestic insurers are permitted to invest their funds as prescribed in chapter 9. The securities shall be duly assigned to the state treasurer in trust for the benefit of all policy holders. The securities shall be retained by the state treasurer and disposed of as directed in chapter 11."

CLS 1961, § 500.1108 (Stat Ann 1957 Rev § 24-.11108) provides that such deposit shall be duly assigned to the State Treasurer in trust for the benefit of all policyholders of the insurer.

MCLA § 500.1124 (Stat Ann 1957 Rev § 24.11124) provides, inter alia, that if the insurer becomes insolvent and proceedings are taken in equity to bring about its dissolution, nothing in the statute shall prevent an equal and just distribution of all of the company's assets, including the deposit, among persons equitably entitled thereto.

MCLA § 500.7837(8) (Stat Ann 1957 Rev § 24-.17837[8]) reads:

"(8) 'General assets' means all property, real, personal, or otherwise, not specifically mortgaged, pledged, deposited, or otherwise encumbered for the security or benefit of specified persons or a limited class or classes of persons, and as to such specifically encumbered property the term includes all such property or its proceeds in excess of the amount necessary to discharge the sum or sums secured thereby. Assets held in trust and assets held on deposit for the security or benefit of all policyholders, or all policyholders and creditors in the United States, *shall be deemed general assets.*" (Emphasis added.)

The next subsections, MCLA § 500.7837 (9), (10) (Stat Ann 1957 Rev § 24.17837[9], [10]), read as follows:

"(9) 'Preferred claim' means any claim with respect to which the law of a state or of the United States accords priority of payment from the general assets of the insurer.

"(10) 'Special deposit claim' means any claim secured by a deposit made pursuant to statute for the security or benefit of a limited class or classes of persons, but not including any general assets."

There is no state or United States law which accords plaintiffs, as tort-judgment creditors, priority of payment from the general assets of the insurer and hence their claims are not preferred. The deposit was not made for the security of a limited class of persons but "for the benefit of all policy holders" and so plaintiffs' claims are not special-deposit claims. Their claims, thus, do not benefit from the provisions of said subsections 9 and 10, but, rather, under subsection 8, the deposit being deemed to be part of general assets, plaintiffs' claims must share with other creditors accordingly.

Plaintiffs do not point to any statute or other authority giving tort-judgment creditors of policyholders priority over policyholders and we find none.

Plaintiffs set great store by the decisions of the Supreme Court of Rhode Island in *Langdeau* v. *Narragansett Insurance Company* (1960), 91 RI 408 (164 A2d 314), *Langdeau* v. *Narragansett Insurance Company* (1962), 94 RI 128 (179 A2d 110), and *Langdeau* v. *Narragansett Insurance Company* (1963), 96 RI 276 (191 A2d 28). In the opinions in those cases appears language which seems to support plaintiffs' position in the instant case. Defendant contends, however, that the *Langdeau* cases do not apply here because there is no provision in the Rhode Island statutes comparable to the Michigan Insurance Code of 1956, § 1124, which defendant says indicates that in Michigan, in cases of insolven-

cy of the insurer, the chapter on the administration of deposits is superseded, and the statute provides that the deposits then are to be deemed general assets.

Defendant, too, has a case which he urges upon us, this one from Massachusetts, namely, *Commissioner of Insurance* v. *Equity General Insurance Company* (1963), 346 Mass 233 (191 NE2d 139). It appears that the reasoning of the Massachusetts court lends some support to defendant's position, although the language of the statutes of that state and this is not identical. We incline, however, in view of the above considered provisions of the applicable Michigan statutes, to hold opposite to the Rhode Island *Langdeau* cases.

Affirmed, without costs, a public question being involved.

T. E. BRENNAN, C. J., and BLACK, T. M. KAVANAGH, ADAMS, and T. G. KAVANAGH, JJ., concurred with DETHMERS, J.

KELLY, J., did not sit in this case.