## STATE *vs.* JOHN HILLMAN.

### JULY 31, 1956.

PRESENT: Flynn, C.J., Condon, Roberts, Andrews and Paolino, JJ.

CONDON, J. This is an indictment charging the defendant with the possession of heroin in violation of general laws 1938, chapter 273, §14. He was found guilty by a jury in the superior court and his motion for a new trial was denied by the trial justice. The case is here on his bill of exceptions containing seven exceptions, only five of which he has briefed and argued. The other two having been neither briefed nor argued are deemed to be waived.

The first two exceptions raise identical issues and have been briefed and argued together. The first exception is to the denial of the defendant's motion to suppress certain illegally obtained evidence. The second is to the overruling of his objection to the admission of such evidence at the trial. The evidence in question was a small white paper package containing about eighteen grains of heroin. It was obtained as a result of a search of defendant's automobile by police officers of the city of Providence. The search was conducted without defendant's consent and without a warrant while his automobile was parked on the street near police headquarters. The defendant was being detained there for investigation. At that time he had not yet been charged with any offense.

The defendant contends that evidence thus obtained in violation of article I, sec. 6, of the state constitution should be suppressed and declared inadmissible. In support of such contention he relies on *Weeks* v. *United States*, 232 U. S. 383, and numerous more recent decisions of the United States Supreme Court which have followed it. That case established for the federal courts the rule that evidence obtained in violation of the provisions of the fourth amendment to the federal constitution against unreasonable searches and seizures was inadmissible and upon motion seasonably made by the accused would be suppressed. The defendant argues that we should apply such rule of exclusion to evidence obtained in violation of art. I, sec. 6, of our state constitution which also forbids unreasonable searches and seizures. He concedes that we are not obliged to follow the *Weeks* case, because the supreme court has expressly so held in *Wolf* v. *Colorado*, 338 U. S. 25, but nevertheless he strongly suggests that we should do so.

This suggestion comes too late. While the instant case was pending in this court, we held in *State* v. *Olynik*, 83 R. I. 31, 113 A.2d 123, 128, by a vote of three to two, that article I, sec. 6, of our constitution "does not prohibit, either in express language or by *necessary* implication, the admission of relevant and material evidence obtained in an illegal search and seizure." Since that decision was rendered, two members of the majority and one of the minority have retired from the court. Hence the defendant urges the court as it is now constituted to reconsider and reverse the *Olynik* case. The writer did not subscribe to the opinion of the court in that case and still adheres to the view which he expressed in his dissenting opinion, but the majority of the court as it is now constituted is of a contrary mind and therefore declines to reconsider the case.

In the *Olynik* case the court did two things. First, it expressly rejected the rule formulated in the *Weeks* case and approved the common-law rule which does not exclude

illegally obtained evidence, if it is otherwise relevant and material. Secondly, it held that article I, sec. 6, of our state constitution does not, *ex proprio vigore,* prohibit the admission of such evidence. In connection with the first holding the defendant here calls our attention to the fact that since the *Olynik* decision was handed down the legislature has enacted public laws 1955, chap. 3590, which provides as follows: "In the trial of any action in any court of this state, no evidence shall be admissible where the same shall have been procured by, through or in consequence of any illegal search and seizure as prohibited in section 6 of article I of the constitution of the state of Rhode Island."

That chapter of course does not affect in any manner this court's construction of sec. 6. It does, however, constitute a statutory rule of evidence which supersedes the rule stated in the *Olynik* case. As such it is of no help to the defendant in the instant case, since it was enacted after his trial and conviction. Its language does not indicate that the legislature intended it to operate retrospectively. On the contrary, consistently with the general principle of statutory construction, we construe it as having only a prospective effect. Until May 5, 1955 when chap. 3590 became effective, the common-law rule of evidence approved in the *Olynik* case was the law of this state and therefore in the case at bar the trial justice did not err in denying defendant's motion to suppress the evidence here in question or in overruling his objection to its admission at the trial. The defendant's first and second exceptions are therefore overruled.

At the conclusion of the evidence defendant moved for a directed verdict which was denied. The exception to such denial is numbered 5 in the bill and is the next exception briefed and argued by defendant. He contends that the evidence was not sufficient to warrant the jury in finding (1) that the package was found by the police in his car; (2) that he knew it was in the car; (3) that it contained a narcotic drug, heroin; (4) that he knew it contained a nar-

cotic drug; and (5) that he had possession of it in his car. As we view the evidence, on each of those elements there was testimony from which an inference could be drawn against defendant. He testified in his own behalf and from that testimony possible inference could be drawn that might weaken but could not reasonably destroy the inferences favorable to the state. In such circumstances defendant was not entitled to have a verdict in his favor directed as a matter of law.

On a motion for a directed verdict in a criminal case all of the evidence must be viewed most favorably to the state. All reasonable inferences from the evidence must be drawn in its favor and the trial justice may not weigh the evidence or pass upon the credibility of the witnesses. *State v. St. Angelo*, 72 R. I. 412. Several police officers testified that they searched the defendant's car while he was detained at police headquarters; that one of them found a package of white powder on a bracket under the dashboard; and that he turned it over to his superior officer who testified that he had it analyzed by the state toxicologist. The toxicologist testified that he found the package contained eighteen grains of heroin.

The evidence also showed that defendant was alone in the car when he was apprehended by the police; that he drove to police headquarters with one of the policemen seated beside him; that he parked his car on the street and was taken into headquarters; and that the car was unlocked and unattended for about fifteen minutes thereafter when several of the policemen returned to search it. The defendant denied all knowledge of the package, and he testified that the day before he was apprehended he had loaned his car to a friend whom he had tried to locate at the time of the trial but without success. The defendant claims there is no evidence that he possessed or even knew of the package and that the only reasonable inference was that the package was placed in the car while it was out of his possession either by his friend or by the police.

We do not view the evidence in that light. To do so would, in our opinion, do violence to the rule above enunciated for passing on a motion for a directed verdict. It would cast serious reflections on the credit of the police witnesses, fail utterly to draw inferences favorable to the state, and give full faith and credit to the testimony of defendant. We think the trial justice quite properly denied the motion and, therefore, defendant's fifth exception to such denial is overruled.

After the case was given to the jury they deliberated for over three hours and then reported to the trial justice that they were "hopelessly deadlocked." Upon inquiring as to whether anything in the evidence was troubling them he gave them some additional instructions as to how they should approach their duty in weighing it and he sent them back to the jury room to deliberate further. Within thirty-eight minutes they returned to the courtroom with a verdict of guilty.

The defendant excepted to the trial justice's refusal to discharge the jury when they first reported. This is his sixth exception. After carefully reading the transcript of what occurred when the jury first reported that they were deadlocked, we are of the opinion that the trial justice did not err. Unless in such circumstances his action clearly indicates coercion of the jury it rests in his discretion whether or not to discharge them. *State* v. *Boswell*, 73 R. I. 358, 365. Although defendant seeks to differentiate that case from the instant case we see no fundamental difference between them, except that any cause for complaint seems less evident here than in that case. The defendant's sixth exception is overruled.

The seventh and last exception is to the denial of defendant's motion for a new trial. The motion was based on the grounds that the verdict was against the law and the evidence and the weight thereof. From our reading of the trial justice's decision on the motion it is clear that he has faith-

fully complied with the rule governing the consideration of such a motion. After discussing the evidence at considerable length and analyzing it in the light of his more comprehensive judgment as a trier of facts, he not only concludes that the verdict is reasonably supported by the evidence but expresses his own independent view that "the evidence establishes the defendant's guilt beyond a reasonable doubt." In the circumstances our duty is limited. The only question we have to determine is whether his decision is clearly wrong. From our examination of the transcript we are unable to find anything that would warrant us in disturbing the decision on that ground, and therefore the seventh exception is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*William E. Powers,* Atty. Gen., *Raymond J. Pettine,* Ass't Atty. Gen., for State.

*Angelo Cianciarulo, Haig Barsamian,* for defendant.