C. H. LANGDEAU, *Liquidator for the State Board of Insurance of the State of Texas vs.* NARRAGANSETT INSURANCE COMPANY.

MAY 16, 1963.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for instructions filed in a receivership proceeding by the director of business regulation of the state of Rhode Island in his capacity as receiver of the respondent corporation pursuant to G. L. 1956, chapter 14 of title 27, otherwise known as the Uniform Insurers Liquidation Act. The cause is here on appeal by the general treasurer of the state from a decree of the superior court

directing him to turn over to the receiver certain bonds belonging to the respondent which have been deposited with the general treasurer pursuant to G. L. 1956, §27-1-5.

Prior to his appointment as receiver, the director of business regulation was allowed by the superior court to intervene in these proceedings. See *Langdeau* v. *Narragansett Insurance Co.*, 91 R. I. 408, 164 A.2d 314.

This cause was before us on an earlier appeal of the general treasurer from a decree of the superior court directing him to turn over to the receiver the bonds. See *Langdeau* v. *Narragansett Insurance Co.*, 94 R. I. 128, 179 A.2d 110, hereinafter sometimes referred to as the second *Langdeau* case. In the second *Langdeau* case in reversing the decree appealed from this court held that the deposit of the bonds with the general treasurer as required by §27-1-5 "was intended to establish a special trust fund for the benefit of policyholders"; "that the trial justice erred in ordering the general treasurer to turn over forthwith to the receiver the securities in question without first giving him an opportunity to discharge the duty expressly incumbent upon him under §27-1-8"; and that the legislature in enacting the Uniform Insurers Liquidation Act and particularly §27-14-2 (8) thereof did not intend "that it should supplant or modify §§27-1-5 and 27-1-8."

The second *Langdeau* case was decided by this court in March 1962. Subsequent thereto the general assembly enacted P. L. 1962, chap. 225, which amends G. L. 1956, chap. 14 of title 27, by adding thereto §27-14-20. That section provides that: "The provisions of section 27-1-8 of the general laws entitled 'Return of deposit on termination of business' shall not apply in any case where the director of business regulation has been appointed and is acting as receiver, pursuant to the provisions of this chapter."

The first question that now must receive our consideration is whether chap. 225 is retrospective in nature and shall

apply to this receivership proceeding which was pending prior to its enactment.

A close scrutiny of chap. 225 is required in order to determine whether there is clearly manifested by express language or by necessary implication an intention that it operate retroactively, for without such expression or implication it must be assumed to operate only prospectively. *Capobianco* v. *United Wire & Supply Corp.*, 78 R. I. 309. So far as the text of the act itself is concerned some of its provisions might be considered as being retroactive. Those provisions are "* * * where the director of business regulation *has been* appointed and *is acting* as receiver * * *." (italics supplied) The use of the words "has been" and "is acting" in lieu of the customary "shall" arguendo could constitute a manifestation of such intention. They are not, however, the equivalent of a direct expression of retroactivity and thus are not so "clear, strong, and imperative that no other meaning can be annexed to them * * *." *Jennings* v. *U. S. Bobbin & Shuttle Co.*, 44 R. I. 388, 390.

The receiver contends that chap. 225 was enacted by the legislature in order to overcome the impossibility of policyholders ever receiving the benefits of the securities deposited with the general treasurer. He further argues that this impossibility results from the fact that he has no assets with which he can pay or extinguish the claims of the policyholders and that payment or extinguishment of such claims are, under §27-1-8, a condition precedent to relinquishment of the trust securities by the general treasurer.

In the second *Langdeau* case, however, in referring to a similar argument by the receiver this court said at page 113: "On our view, therefore, of the special purpose of §§27-1-5 and 27-1-8 we are of the opinion that the trial justice erred in ordering the general treasurer to turn over forthwith to the receiver the securities in question without first giving him an opportunity to discharge the duty

expressly incumbent upon him under §27-1-8. We construe that duty to be paramount. It is not impossible of performance as contended by the receiver." In view of such finding, there is not the clear implication required by *Capobianco* for retroactive effect to be given to chap. 225.

Absent such express language or necessary implication the act may still be given retroactive effect if it falls within the exception to the rule of statutory construction expressed in *Capobianco*. The exception to such rule is stated in *Grinnell* v. *Marine Guano and Oil Co.*, 13 R. I. 135, 136, as follows: "It is not an insuperable objection to a remedial statute that it affects pending suits, if it affects them remedially, and neither violates vested rights nor impairs the obligation of contracts." The exception goes not only to remedial statutes, but also to statutes affecting matters of procedure and practice. *Hartley* v. *Johnson*, 54 R. I. 477; 50 Am. Jur., Statutes, §482, p. 505.

Section 27-1-8 deals with the kind of notice required to be given policyholders prior to the trust securities being surrendered by the general treasurer, and in the second *Langdeau* case this court clearly implied that this statute is procedural. Practice and procedure connote the method of proceeding and the means and steps by which legal rights are enforced. *Duggan* v. *Ogden*, 278 Mass. 432; *Bascom* v. *District Court*, 231 Iowa 360.

In *Duggan* the court in holding procedural a statute providing for the manner of serving notice on a nonresident defendant in a motor vehicle accident occurring within Massachusetts said at page 434:

> "There were added alternative provisions to the effect that notice of such service and copy of process might be served upon the defendant if found within the Commonwealth by an officer qualified to serve process, or if found without the Commonwealth by a sheriff or deputy sheriff of any county in this Commonwealth or by a duly constituted public officer qualified to serve

such process in the jurisdiction where the defendant is found. These changes relate to practice and procedure and not to substantive rights. They therefore are applicable to actions brought subsequently to, although the cause of action may have arisen before, the enactment of said c. 344. * * * Practice and procedure include the mode of proceeding and the formal steps by which a legal right is enforced. Those words comprehend writs, summonses and other methods of notice to parties as well as pleadings, rules of evidence and costs. Practice and procedure indicate the forms for enforcing rights as distinguished from the law which creates, defines and protects rights."

The procedures of §27-1-8 have been modified by chap. 225 in any case where the director of business regulation is acting as receiver pursuant to the Uniform Insurers Liquidation Act. Chapter 225 is procedural in nature and its provisions should be applied retroactively provided they do not impair the obligations of the policyholders or respondent or violate the vested rights of the policyholders to the bonds held in trust for their benefit or any vested rights of respondent. Whether there is such impairment or violation is the second question which we must consider.

In the second *Langdeau* case we held, and the matter is now res adjudicata, that the deposit of the bonds with the general treasurer was intended to and did establish a special trust fund for the benefit of policyholders. A transfer of such bonds to the receiver by the general treasurer pursuant to the decree of the superior court will not interfere with the vested rights of the policyholder beneficiaries therein since such transfer will in no way constitute a revocation or impairment of the trust and the receiver will take title to the securities subject to and impressed with the trust for the benefit of the policyholders. *Ryder* v. *Ryder,* 19 R. I. 188; *American Casualty Ins. Co.'s Case,* 82 Md. 535.

The receiver by §27-14-4 has been "vested by operation of law with the title to" the securities. Once the transfer

to the receiver has been made he will stand in the place of the general treasurer with similar rights and obligations in respect to the securities. See *Ryder* v. *Ryder, supra.* It cannot be said, therefore, that the transfer of the securities from the general treasurer to the receiver will impair any contractual right or interfere with any vested right of respondent in and to the securities.

Notice by publication for an extended period of time by the general treasurer is a condition precedent to a relinquishment of the trust securities under §27-1-8. Chapter 225 contains no provision as to notice, and resort must therefore be had to the Uniform Insurers Liquidation Act and to the general rules governing the conduct of receivership proceedings as to the notice requirements to be imposed upon the receiver in dealing with the trust securities. Neither that act nor Rule No. 96 of the 1957 Rules of Practice and Orders of the Superior Court, entitled "Receiverships and Injunctive Relief," contains any specific requirements for giving creditors notice as to the time when and the manner in which they shall file claims in receivership proceedings. The practice in the superior court, however, has been to require that notice as to such matters be given to all creditors. This is in accordance with the generally accepted rules in such proceedings. *Naslund* v. *Moon Motor Car Co.,* 345 Mo. 465; 3 Clark, Receivers (3d ed.) §652(a), p. 1143.

Such notice in all events where the names and addresses of policyholders are known or easily ascertainable should require something additional to notice by publication. *Schroeder* v. *City of New York,* 371 U. S. 208. Within the receivership proceedings contemplated by the Uniform Insurers Liquidation Act, therefore, the constitutional rights of the policyholders to adequate legal notice prior to relinquishment of the trust securities can better be protected than under §27-1-8 which requires no notice other than by

publication. Such requirement as to notice should also be observed in all future proceedings herein which may affect those rights.

We find no error in the decree directing the general treasurer to turn over forthwith to the receiver the trust securities. However, such decree should be modified to provide that the securities when turned over will be impressed with a special trust in favor of the policyholders, who shall at all times be entitled to adequate legal notice of any proceeding affecting their interests therein. The decree should also be modified to provide that the general treasurer shall upon delivery by him of the securities to the receiver be discharged from all liability as trustee of the special trust.

The appeal of the general treasurer is denied in part and sustained in part, and the cause is remanded to the superior court with direction to modify the decree appealed from in accordance with this opinion and for further proceedings.

*J. Joseph Nugent*, Attorney General, *Francis A. Kelleher*, Special Counsel, for State of Rhode Island, for General Treasurer.

*Christopher Del Sesto*, for Receiver.