277 A.2d 918.

Marjorie G. Sundlun *vs.* Walter I. Sundlun.

JUNE 7, 1971.

Present: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Per Curiam. This petition was heard by a justice of the Family Court on an agreed statement of facts after we filed our decision in *Sundlun v. Sundlun*, 103 R. I. 25, 234 A.2d 358. The agreed statement is substantially a repetition of the facts discussed in *Sundlun, supra*. For the sake of brevity we shall mention only those which are pertinent to an understanding and resolution of the present appeal.

On October 22, 1964, a decree was entered in the Family Court awarding petitioner the sum of $100 per week for her support until further order of the court. On July 28, 1966, a decree was entered in that court denying and dismissing the wife's petition and granting respondent's cross petition. The petitioner appealed from that decree. On August 2, 1966, while the appeal was pending, respondent filed a motion to modify the October 22, 1964 decree. This motion, which was based on the ground that he had suffered a material change in his circumstances and on the further ground that petitioner was not without means, was

amended. As amended, the motion prayed that the October 22, 1964 decree be modified and/or vacated.

On October 18, 1966, while the above motion was pending, a decree was entered, upon an oral motion by petitioner, ordering respondent to pay to petitioner all weekly unpaid payments which became due under the October 22, 1964 decree. The respondent filed an appeal from that decree.

On November 10, 1966, petitioner filed a motion requesting counsel fees for legal expenses incurred in defending the various motions filed by respondent subsequent to the entry of "Final Decree."

On February 24, 1967, after the completion of the hearings on respondent's amended motion to modify and/or vacate and petitioner's motion for counsel fees, two decrees were entered, one denying petitioner's motion for counsel fees and the other vacating the October 22, 1964 decree. The petitioner appealed from each of these decrees.

In our decision in *Sundlun, supra,* respondent's appeal from the decree entered on October 18, 1966, was denied and dismissed, and the decree was affirmed. The petitioner's appeal from the decree denying and dismissing her petition for divorce and granting respondent's cross petition was also denied and dismissed, and the decree entered on July 28, 1966, was affirmed. We held that petitioner's appeal from the decree denying her motion for counsel fees, having been neither briefed nor argued, was deemed to be waived. 103 R. I. at 39, 234 A.2d at 366.

With regard to petitioner's appeal from the decree entered on February 24, 1967, vacating the October 22, 1964 decree, we held that the weekly payments due under the October 22, 1964 decree ripened into judgments with the passing of each week, absent an appeal or modification of such decree; that the February 24, 1967 decree was invalid insofar as it attempted to deprive petitioner of her right to

the unpaid weekly amounts that were due under the October 22, 1964 decree; and we noted in *Sundlun, supra,* at 35-36, 234 A.2d at 364, that at the time of the entry of the decision on which the February 24, 1967 decree was based, respondent was 21 weeks in arrears in his payments.

In the instant petition petitioner admits that respondent has paid her support payments through February 24, 1967, the date on which the decree vacating the payments ordered under the October 22, 1964 decree was entered. However, she claims that under our decision in 103 R. I. 25, 234 A.2d 358, she is entitled to $3,600 in support payments from February 24, 1967, through October 27, 1967, the date on which the decision in *Sundlun* was filed. She also claims that she is entitled to reimbursement from respondent for counsel fees totalling $3,871.80 which she had previously paid to one of her attorneys. Additionally, she claims that in view of her lack of financial ability, she is entitled, as we understand her petition, to counsel and witness fees in prosecuting the instant petition.

After hearing oral arguments the trial justice rendered a written decision in which he decided against petitioner. The petitioner bases her claim of appeal mainly on her contention that the trial justice misinterpreted our decision in 103 R. I. 25, 234 A.2d 358. We do not agree with petitioner's theory and, for the reasons which follow, we affirm the action of the trial justice.

With respect to petitioner's claim for support payments, the trial justice ruled that under our decision in *Sundlun, supra,* petitioner was entitled to support from the respondent under the October 22, 1964 decree until such time as that decree was vacated, namely, February 24, 1967; that petitioner admitted that support had been paid to her by respondent through February 24, 1967; and that, therefore, there was nothing due and owing to petitioner from respondent under the terms of the October 22, 1964

decree. Accordingly, he denied and dismissed her claim for further support payments.

We agree with the trial justice's conclusion on this issue. His interpretation of our prior decision and opinion is correct. See 103 R. I. at 37-39, 234 A.2d at 365-66. The October 22, 1964 support order was changed on February 24, 1967 by the trial justice who entered the original support order and, therefore, he correctly held that petitioner was entitled to all unpaid weekly support payments up to February 24, 1967.

We next consider petitioner's claim for reimbursement of counsel fees previously paid by her. The trial justice held that the February 24, 1967 decree denying petitioner's motion for counsel fees, having been appealed and deemed waived by this court, remained in full force and effect. Accordingly, he denied her claim. We are in complete agreement with his ruling. The petitioner's claim to the contrary is completely without merit and requires no further consideration.

Finally, we consider the petitioner's claim for counsel and witness fees for prosecuting the instant petition wherein she alleges a lack of financial ability. The trial justice denied her request. There is nothing in the record of this proceeding which would warrant such an award. We find no error in the trial justice's ruling denying her request.

The petitioner's appeal is denied and dismissed, and the case is remitted to the Family Court for further proceedings.

Motion for reargument denied.

*Marjorie G. Sundlun,* petitioner, pro se.

*Baker & Sundlun, McBurney & Burke,* for respondent.