366 A.2d 153.

STATE *vs.* VIRGINIA T. MULHOLLAND.

DECEMBER 10, 1976.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This is an appeal from the judgment of a justice of the Superior Court, sitting without a jury, finding the defendant guilty of speeding in violation of G. L. 1956 (1968 Reenactment) §31-14-1.

At trial on February 4, 1976, defendant moved to dismiss on the ground that the establishment by the Legislature of the Division for Administrative Adjudication (hereinafter referred to as the Division), §31-43-1, et seq., withdrew from the Superior Court the jurisdiction to hear motor vehicle offenses. Section 31-43-1 in relevant part provides:

> "Notwithstanding any inconsistent provision of law, all violations of state statutes relating to motor vehicle and traffic offenses * * * [certain exceptions listed] * * * shall be heard and determined by the division of administrative adjudication * * *."

Section 31-43-7 provides that the effective date of this chapter was July 1, 1975. The speeding incident at issue in this case occurred on September 3, 1974, and defendant was arraigned in Third Division District Court on September 20, 1974. The case was transferred to the Superior Court on September 27, 1974, and was pending when the statute became effective.

The trial justice denied defendant's motion to dismiss, holding that the statute creating the Division did not divest the Superior Court of jurisdiction over cases pending as of July 1, 1975. Since the parties at trial stipulated to the facts appearing in the Rhode Island State Police report, defendant was adjudged guilty of speeding.

The sole issue raised by defendant on appeal is whether

the Superior Court was divested of jurisdiction over motor vehicle and traffic offense cases pending when the Division was established July 1, 1975. However, the legislation was silent as to its effect on traffic cases then pending in Superior Court.

It is well-settled that a statute is presumed to have been intended to operate prospectively and will not be construed to operate retroactively unless such intent appears in the express language of the statute or by necessary implication therefrom. *Langdeau* v. *Narragansett Ins. Co.*, 96 R.I. 276, 191 A.2d 28 (1963); *Foster* v. *Quigley*, 94 R.I. 217, 179 A.2d 494 (1962).

The enabling legislation mandates that, effective July 1, 1975, motor vehicle and traffic offenses shall be heard and determined by the Division. Sections 31-43-1 and 31-43-7. The absence of either a saving clause or a method for transferal of cases pending in Superior Court demonstrates a lack of intent on the part of the Legislature that the Act should operate retroactively upon cases pending in the Superior Court. We find that on July 1, 1975, the Superior Court was divested of jurisdiction to commence hearing and deciding traffic offenses. Applying the rule of presumed prospectivity, since there was no express divestiture of jurisdiction over pending cases, we hold that the Legislature must be presumed to have intended that the Superior Court retain jurisdiction over cases pending at the time the Act became effective.

The defendant's appeal is denied and dismissed, and the judgment appealed from is affirmed.

*Julius C. Michaelson,* Attorney General, *John R. McDermott,* Special Asst. Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.