374 A.2d 101.

PETER N. ZAHARAKOS *vs.* EUGENIA ZAHARAKOS.

JUNE 13, 1977.

PRESENT: Bevilacqua, C. J., Paolino. Joslin, Kelleher and Doris, JJ.

PER CURIAM. This petition for an absolute divorce was brought by the petitioner on the ground that he lived separate and apart from the respondent for more than 5 years.[1] After a hearing in the Family Court the trial justice

---

[1] At the time the petition was filed the controlling statute in effect was G.L. 1956 (1969 Reenactment) §15-5-3, as amended by P.L. 1972, ch. 214, §1.

in the exercise of his discretion denied and dismissed the petition, concluding that while the parties had been separated, in fact, for the requisite period of time it was entirely possible that they would be reconciled. Thereafter, the petitioner filed a timely appeal.

After the appeal had been taken and briefs had been filed the Legislature enacted into law an amendment to G.L. 1956 (1969 Reenactment) §15-5-3 which made it mandatory upon the trial justice to grant a divorce if the parties were found to be living separate and apart from each other for at least 3 years.[2] The Legislature expressly stated that this Act was to be applied retrospectively to "petitions pending before the court as well as to those hereinafter filed." In light of this fact the case was assigned to the calendar for oral argument and the parties were directed to appear and show cause why the appeal should not be sustained in light of the aforementioned Act and *Twomey* v. *Carleton House of Providence, Inc.*, 113 R.I. 264, 273, 320 A.2d 98, 102-03 (1974). A show cause hearing was held on the scheduled date.

In *Twomey*, this court reviewed the pertinent authorities concerning whether the law in effect at the time a judgment was entered should apply or that which prevails at the time of the appellate decision. We held that a "manifest legislative intent to give retroactive effect to the limitations enlargement requires us to adjudicate the case according to the law now existing, and the prior

---

[2]Public Laws 1976, ch. 338, §1 which took effect on June 5, 1976, provides:
"Whenever in the trial of any petition for divorce from the bond of marriage, or any petition for dissolution of a marriage it shall be alleged in the petition that the parties have lived separate and apart from each other for the space of at least three (3) years, whether voluntary or involuntary, the court shall, upon a finding that such allegation is true enter a decree dissolving and terminating the marriage between the parties and such decree shall be final and operative upon entry thereof."

judgment, although correct when rendered, must therefore be set aside." Similarly, in this case there is no doubt that the Legislature intended the statute to have retrospective effect. Counsel for the respondent has been unable to direct our attention to any substantial reason why that decision should not be dispositive here. Our own careful examination of the record convinces us that this case comes within the general rule set forth in *Twomey*. Thus, under the amended statute it is mandatory for the court to grant a divorce whenever it is determined that the parties have, in fact, lived separate and apart for 3 years.

The petitioner's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Family Court for further proceedings consistent with this opinion.

*Kirshenbaum & Kirshenbaum, Alfred Factor,* for petitioner.

*John A. Notte III,* for respondent.