385 A.2d 1055.

ROBERT HARWOOD *v.* JOSEPHINE T. HARWOOD.

MAY 9, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

KELLEHER, J. This is an appeal from a decision of the Family Court granting a divorce to the husband on the

grounds that he and his wife had been living separate and apart for over 3 years. General Laws 1956 (1969 Re-enactment) §15-5-3. Under that section the Family Court must grant a divorce whenever it is determined that the parties have, in fact, lived separate and apart for 3 years. *Zaharakos* v. *Zaharakos*, 118 R.I. 387, 374 A.2d 101 (1977). The wife, in prosecuting this appeal, contends that the mandatory nature of §15-5-3 not only violates her constitutional right to equal protection of the law but also constitutes an unlawful delegation of the police power to a private individual, her husband.

The parties in this action were married in 1950 and separated in 1956. Initial efforts to dissolve the marriage proved unsuccessful, primarily because neither party was free from fault with respect to the domestic discord. *Harwood* v. *Harwood*, 94 R.I. 165, 179 A.2d 317 (1962). An attempt at reconciliation in 1963 proved to be short lived. The parties have not lived together since that time. The husband commenced this divorce action in 1973, alleging that the parties had been living separate and apart for the period mandated by §15-5-3. The wife responded with a cross-petition in which she requested a bed and board divorce on the grounds of desertion. Section 15-5-9. In light of the uncontradicted testimony of both parties that they had not lived together for 14 years and the mandatory nature of §15-5-3, the Family Court justice denied the wife's petition for a bed and board divorce and entered a decree dissolving the marriage.

The crux of this dispute lies not in the General Laws of Rhode Island, but in the Social Security Act. The husband has been found by the Social Security Administration to be totally disabled and thereby entitled to disability benefits. 42 U.S.C. §423 (1970 and Supp. V 1975). As a result, the wife has also been receiving certain benefits pursuant to 42 U.S.C. §402(b)(1)(1970 and Supp. V 1975). There is no dispute that her benefits will cease when the parties' marital

relationship is terminated.[1] *Id.* The wife has not challenged the validity of any provision of the Social Security Act.[2] Instead, the wife focuses exclusively on §15-5-3 in presenting her contentions.

She first asserts that §15-5-3 deprives females of the equal protection of the law because, according to her, the statute creates in all husbands, but in no wives, the power to unilaterally terminate the Social Security benefits due a wife by virtue of her husband's contribution to the Social Security fund. This section provides:

> "Dissolution of marriages — Separation of parties as ground. — Whenever in the trial of any petition for divorce from the bond of marriage, or any petition for dissolution of a marriage it shall be alleged in the [petition] that the parties have lived separate and apart from each other for the space of at least three (3) years whether voluntary or involuntary, the court shall, upon a finding that such allegation is true enter a decree dissolving and terminating the marriage between the parties. Such decree shall be final and operative upon entry thereof, and may include provisions for alimony."

[1] The effective date of the Family Court decree was delayed for 20 days to allow the respondent to seek interim relief in this court. On November 9, 1977, we issued a stay of the final decree pending appeal.

[2] The Supreme Court has recently affirmed the legislative distinction between married women and divorced women in 42 U.S.C. §402(b)(1)(1970 and Supp. V 1975). *Mathews* v. *De Castro*, 429 U.S. 181, 97 S. Ct. 431, 50 L. Ed. 2d 389 (1976). Noting that the primary objective of the Social Security system was to provide workers and their families with basic protection against hardships created by the loss of earnings due to illness or old age, the Court concluded that Congress could rationally have decided that the resultant loss of family income, the extra expense that often attends illness and old age, and the consequent disruption in the family's economic well-being that may occur when the husband stops working justify monthly payments to a wife who, together with her husband, must still care for a dependent child. *Id.* at 185-87, 97 S. Ct. at 434-35, 50 L. Ed. 2d at 394-95. More recently, the Court has noted that it is "unquestionably valid" for Congress to use marital status as a test in determining eligibility for Social Security benefits. *Califano* v. *Jobst*, 434 U.S. 47, 54, 98 S. Ct. 95, 100, 54 L. Ed. 2d 228, 235 (1977).

148

Viewing the statute in isolation, we find it difficult indeed to perceive the gender-based distinction of which the wife complains. The statute grants to husbands and wives alike the power to seek the dissolution of their matrimonial bonds upon proof that they have been living separate and apart from their respective spouses 3 years or more. Furthermore, this argument incorrectly assumes that husbands cannot receive secondary benefits when their wives are disabled. In fact, if the wife was disabled, her husband would be entitled to the same secondary benefits which she currently receives. 42 U.S.C. §402(c)(1970).[3] In such a situation the wife would have the same power to terminate her husband's benefits by invoking §15-5-3 as he currently enjoys.

This case is thus a far cry from cases like *Frontiero v. Richardson*, 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583 (1973), and *Reed v. Reed*, 404 U.S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971), involving discrimination based upon gender as such.[4] Unless there is a showing that the sexually neutral legislative scheme is a mere pretext designed to effect an invidious discrimination against the members of one sex or the other, the statute will not be considered as violating the fourteenth amendment's guarantee of equal protection. *Geduldig v. Aiello*, 417 U.S. 484, 94 S. Ct. 2485, 41 L. Ed. 2d 256 (1974).

---

[3]One distinction between wife's benefits and husband's benefits was a provision which required husbands, but not wives, to prove that they received at least one-half of their support from their spouse. 42 U.S.C. §402(c)(1)(C)(husband's benefits); §402(f)(1)(D)(widower's benefits)(1970). This gender-based distinction has recently been declared unconstitutional. *Califano v. Goldfarb*, 430 U.S. 199, 97 S. Ct. 1021, 51 L. Ed. 2d 270 (1977).

[4]*Frontiero v. Richardson*, 411 U.S. 677, 93 S. Ct. 1764, 36 L. Ed. 2d 583 (1973), declared invalid a provision of the United States Code which provided that spouses of male members of the armed forces were always dependents for purposes of obtaining increased benefits, but that spouses of female members were not dependents unless they were in fact dependent for over one-half of their support. *Reed v. Reed*, 404 U.S. 71, 92 S. Ct. 251, 30 L. Ed. 2d 225 (1971), struck down a provision of the Idaho Probate Code which required that males be preferred over females of the same entitlement class for appointment as administrator of a decedent's estate.

Admittedly, art. IV, §2, of the Rhode Island Constitution prohibits the delegation of legislative power to private parties unless accompanied by adequate legislative standards, but the wife has failed to convince us that §15-5-3 delegates any powers to anyone. The statute simply sets forth as grounds for an absolute divorce the fact that the parties have been living separate and apart for 3 years. The fact that the statute requires the Family Court to enter a decree terminating the marriage of the parties once it finds the criteria have been satisfied does not constitute a delegation of the police power, any more than a statute constitutes a delegation when it requires a city or town clerk to issue a wedding license because certain criteria have been met. *See State* v. *Storms,* 112 R.I. 121, 308 A.2d 463 (1973).

The wife's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Family Court.

*John J. Canham, Mortimer C. Newton.* for petitioner-appellee.

*William T. Murphy,* for respondent-appellant.