**John SHEEHAN et al.**

v.

**Don H. ROHRER.**

No. 81–90–Appeal.

Supreme Court of Rhode Island.

Aug. 23, 1983.

Harry J. Hoopis, Providence, for plaintiffs.

Dennis J. Roberts II, Atty. Gen., Donald G. Elbert, Jr., Sp. Asst. Atty. Gen., for defendant.

OPINION

SHEA, Justice.

The plaintiffs, retired members of the State Police force, brought this action in Superior Court for longevity bonuses they claimed were owed to them pursuant to G.L.1956 (1977 Reenactment) § 42–28–22. The parties submitted an agreed statement of facts and memoranda of law, after consideration of which, the trial justice entered judgment in favor of the plaintiffs. The defendant, Don H. Rohrer, in his capacity as Director of Administration for the State of Rhode Island, appealed.[1] We reverse.

---

1. Robert Ligouri was the original named defendant. When the parties submitted the agreed statement of facts, they stipulated that during the proceeding, Don H. Rohrer was to be substituted as the named defendant.

The facts are not in dispute. The plaintiffs are all former members of the State Police force who served for more than twenty years. The sole issue for our determination is whether the 1972 amendment to § 42–28–22,[2] which provides for longevity bonuses, applies retroactively to police officers who retired prior to the enactment of the amendment. This amendment provides as follows:

"In the event that any member of the state police serves beyond twenty (20) years, he shall be allowed an additional amount equal to three per cent (3%) for each completed year served after twenty (20) years, but in no event shall such total remuneration exceed sixty-five (65%) per cent of the salary and allowances received at the time of retirement."

"[A] statute is presumed to operate prospectively and not retrospectively unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive force and effect." *State v. Healy,* R.I., 410 A.2d 432, 434 (1980); *see Langdeau v. Narragansett Insurance Co.,* 96 R.I. 276, 279, 191 A.2d 28, 30 (1963). An examination of the language of the amendment reveals no such contrary intention. In fact, the language reveals that the Legislature clearly intended prospective application.

The first clause of the amendment provides: "In the event that any *member* of the state police *serves* beyond twenty (20) years * * *." (Emphasis added.) The Legislature's use of the present-tense word "serves" indicates prospective application. If the Legislature had intended to provide the longevity bonus to retired members of the force, it certainly would have added the phrase "or has served."

More significantly, the Legislature used the word "member" to describe the class of beneficiaries. The plain meaning of the word applies to those persons who were employed by the State Police at the time of the amendment, or who subsequently became employed by the State Police, and

excluded persons who were already retired on the date of the enactment of the longevity-bonus amendment.

Our conclusion that the Legislature intended the longevity-bonus amendment to have prospective application is evident from an examination of the amendments to § 42–28–22. In 1962 the Legislature increased the pension of retired State Police officers by amending § 42–28–22 as follows:

"and each *retired member* shall be entitled to an increase in his retirement pay in accordance with any increase that has been granted as of July 31, 1960, in the annual salary then allocated to the position or rank he held as of the date of his retirement." (Emphasis added.) P.L. 1962, ch. 213.

The beneficiaries of this amendment were those police officers who had already retired. The Legislature therefore intended to distinguish between members and retired members. Likewise, the Legislature's failure to include the language "or retired member" in P.L.1972, ch. 264, indicates that it did not intend the longevity bonus to apply to retired members of the State Police.

For the foregoing reasons, the defendant's appeal is sustained. The judgment appealed from is reversed, and the case is remanded to the Superior Court for entry of judgment consistent with this opinion.

---

2. Public Laws 1972, ch. 264, § 1.