Katherine MURPHY

v.

**Dennis J. MURPHY.**

**81–214–Appeal.**

Supreme Court of Rhode Island.

Feb. 16, 1984.

Joseph T. Houlihan/Kathleen Managhan, Corcoran, Peckham & Hayes, P.C., Newport, for plaintiff.

John D. Lynch, Warwick, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Family Court which granted the plaintiff's petition for divorce on the ground of irreconcilable differences. The defendant, Dennis J. Murphy, objects to the assignment of property pursuant to G.L.1956 (1981 Reenactment) § 15–5–16.1, as well as an award of transportation costs.

The pertinent facts briefly summarized are as follows. The parties were married in 1954 and continued to live together until 1978 when defendant left the marital residence to care for his ailing mother. In 1979, after a failed attempt at reconciliation, plaintiff filed for divorce. The plaintiff was granted temporary relief including custody of the couple's minor child, exclusive use of the marital domicile, and $300 support every two weeks.

At the hearing on the divorce petition, defendant was called as an adverse witness to testify concerning the couple's real estate holdings. Included in this property was land that defendant had acquired from his mother by gift or inheritance.

In September of 1980, plaintiff was granted a divorce on the ground of irreconcilable differences. The parties were granted joint custody of the minor child. The plaintiff was awarded alimony and child support in the sum of $300 every two weeks. An equitable division of property was made. Pursuant to such division, defendant was ordered to convey to plaintiff the marital domicile in Middletown, as well as other property in Middletown and Newport, including a one-half interest in certain securities. A decree was entered to this effect.

On appeal, a stay of the decree was granted on condition that the order for temporary relief remain in full force and effect. Subsequently, plaintiff filed a motion to modify, seeking a sum of money from defendant to pay for her transportation. The motion for modification was granted, and defendant was ordered to pay plaintiff $200 a month for forty-eight months or until final disposition of the case, whichever occurs first.

On appeal, defendant presents three issues: (1) whether property acquired by gift or inheritance should not be the subject of assignment of property pursuant to § 15–5–16.1; (2) whether § 15–5–16.1, as amended by P.L.1982, ch. 403, § 2 during the pendency of this case should apply retrospectively; and (3) whether the trial justice erred in ordering defendant to pay plaintiff's transportation costs pending appeal.

I

The defendant contends that property acquired by gift or inheritance should not be

the subject of an assignment of property. He argues that because property division is based on the theory of joint contribution to the marital partnership, gifts to one spouse cannot be considered a product of the marital relationship and cannot be assigned to the other spouse. The right to an assignment of property did not exist at common law. This right was created by statute and is governed exclusively by § 15–5–16.1. In order to determine whether property acquired by one spouse by gift or inheritance is exempt from assignment, we must look to the language of the statute.

In construing a statute, this court must give effect to all parts of a statute; the words used therein must be given their plain and customary meaning. *Rhode Island Chamber of Commerce v. Hackett,* R.I., 411 A.2d 300, 303 (1980); *Podborski v. Haskell Manufacturing Co.,* 109 R.I. 1, 8, 279 A.2d 914, 918 (1971). If the statutory language is clear and unambiguous, the statute must be interpreted literally. *Rhode Island Chamber of Commerce v. Hackett,* and *Podborski v. Haskell Manufacturing Co., both supra.* The meaning expressed is conclusively presumed to be the meaning intended.

In the instant case, § 15–5–16.1 provides that in making an equitable division of property, "the court may assign to either the husband or wife a portion of the estate of the other." Where, as here, the language is unambiguous and the words are plain and clear, "[n]o interpretation is required or permitted." *Statewide Multiple Listing Service, Inc. v. Norberg,* 120 R.I. 937, 941, 392 A.2d 371, 373 (1978); *Pacheco v. Lachapelle,* 91 R.I. 359, 361–62, 163 A.2d 38, 40 (1960).

In deciding that gifts and inheritances are not excluded from an assignment of property under § 15–5–16.1, we availed ourselves of the rule of construction that states that an express enumeration of items in a statute indicates a legislative intent to exclude all items not listed. *See generally* 2A Sands, *Statutes and Statutory Construction* § 47.23 (4th ed. 1973). Although this principle is an aid, it should be used cautiously to further rather than to defeat legislative intent. *Volpe v. Stillman White Co.,* R.I., 415 A.2d 1034, 1036 (1980). However, its application is most appropriate to this particular statute. The language of § 15–5–16.1 clearly and unambiguously excludes only one type of property from an equitable division of property. Property acquired by gift and inheritance is not included as an exception.[1] Therefore, after considering the language of § 15–5–16.1, we determine that the Legislature mandated that only property acquired prior to a marriage is an exception to the statute and thus property acquired by gift or inheritance is clearly subject to equitable distribution.

II

The defendant further claims that even though the Legislature amended § 15–5–16.1 during the pendency of this case, the provisions should be applied retrospectively.

Section 15–5–16.1 as originally enacted provides that in making an equitable distribution of the marital property, "the court may assign to either the husband or wife a portion of the estate of the other." When it originally enacted the statute, the Legislature excluded from assignment only "property or an interest therein held in the name of one of the parties if said property was held by said party prior to the marriage * * *." *Id.* The court may, however, assign any income which is derived therefrom during the course of the marriage. *Id.*

In amending § 15–5–16.1, the Legislature further provided "[t]he court also shall not assign property or an interest therein which has been transferred to one of the parties

---

1. Subsequent to the entry of the interlocutory decree, the Legislature amended G.L.1956 (1981 Reenactment) § 15–5–16.1, making property acquired by inheritance exempt. However, we limit our discussion of this issue to § 15–5–16.1 as originally enacted. The 1982 amendment is discussed in Part II of this opinion.

by inheritance before, during or after, the term of marriage." Public Laws 1982, ch. 403, § 1. Additionally, it specifically added that, "[t]his act shall take effect upon passage and shall apply to all *orders* entered by the family court *after* the date of passage." (Emphasis added.) Public Laws 1982, ch. 403, § 2.

■ It is a well-established principle in this jurisdiction that statutes and their amendments are given only prospective application. *Fox v. Fox,* 115 R.I. 593, 596, 350 A.2d 602, 603 (1976); *Norton v. Paolino,* 113 R.I. 728, 734, 327 A.2d 275, 278 (1974); *State v. Hillman,* 84 R.I. 396, 399, 125 A.2d 94, 96 (1956). It is only when, by strong, clear language or necessary implication, that the Legislature manifests its intent to give the statute retroactive effect [2] that the courts will apply it retrospectively. *State v. Healy,* R.I., 410 A.2d 432, 434 (1980); *State v. Mulholland,* 117 R.I. 321, 323, 366 A.2d 153, 154 (1976).

The defendant, in support of his position, places heavy reliance on cases in which this court retroactively applied statutes. *E.g., Carter v. Carter,* R.I., 413 A.2d 55 (1980); *Zaharakos v. Zaharakos,* 118 R.I. 387, 374 A.2d 101 (1977). However, his dependence on these cases is misplaced. In *Zaharakos* we said that "in this case there is no doubt that the Legislature intended the statute to have retrospective effect." [3] *Id.* at 389, 374 A.2d at 102. *See also Carter v. Carter,* 413 A.2d at 56 (basing decision to apply amendment to case at bar retrospectively on *Zaharakos* ).

■ The 1982 amendment to § 15–5–16.1 specifically provided for prospective application of its provisions to *"orders"* entered after passage of the act. Public Laws 1982, ch. 403, § 2. There is nothing in the act

which even impliedly suggests that the amendment should be retroactively applied on appeal to an order entered approximately one and one-half years prior to the enactment. Thus, we find no merit in defendant's argument that inherited property is excluded from an assignment of property.

### III

The defendant also challenges an award of transportation fees to plaintiff pending appeal. He argues that the judge erred in making this award because he did not apply the proper standard to the modification of the earlier temporary relief order.

■ A trial court having jurisdiction under § 15–5–16 may make an award for temporary relief in the proper case. A temporary support order continues in existence pending appeal until further order of the court that originally entered the order. *See Sundlun v. Sundlun,* 103 R.I. 25, 37, 234 A.2d 358, 365 (1967), *aff'd,* 108 R.I. 603, 277 A.2d 918 (1971). A party may, however, petition the court to modify the order. "The long-standing rule which prevails * * provides that the rights of the parties are settled by the existing decree and cannot be altered unless the moving party by a fair preponderance of the evidence shows that subsequent to the entry of that decree a change of circumstances or conditions occurred." *Heatherton v. Heatherton,* 110 R.I. 144, 145, 290 A.2d 912, 913 (1972); *see also McHenry v. McHenry,* R.I., 424 A.2d 1067, 1068 (1981).

■ The order modifying the temporary order so as to include the transportation expenses does not address the issue of changed circumstances. At the hearing on the merits, however, the trial justice indicated that the reason for the modification

---

**2.** We have held that purely remedial and procedural statutes that do not affect substantive rights can be held to apply retroactively, but this depends upon determination of the Legislature's intent. *E.g., State v. Healy,* R.I., 410 A.2d 432, 435 (1980); *Langdeau v. Narragansett Ins. Co.,* 96 R.I. 276, 280, 191 A.2d 28, 30–31 (1963).

**3.** *Zaharakos v. Zaharakos,* 118 R.I. 387, 374 A.2d 101 (1977) addressed an amendment to G.L.1956 (1969 Reenactment) § 15–5–3 which provided that it was to apply to "petitions pending before the court as well as to those hereinafter filed." Public Laws 1976, ch. 338, § 1.

624

was that plaintiff lacked access to the assigned property pending appeal, which property would provide the assets necessary to buy a car. We find that this constitutes an improper basis on which to base a modification of a support decree. The only basis sufficient to justify an award is a proper showing of a change in circumstances. *Heatherton v. Heatherton,* 110 R.I. at 145, 290 A.2d at 913.

In examining the record, it is not clear if the trial justice followed the mandate of the act. Section 15–5–16.1 provides that "[t]he assignment of property, if any, to be made shall precede the award of alimony, as the needs of each party will be affected by said assignment." In his interlocutory decree of October 9, 1980, the trial justice awarded alimony to the plaintiff in addition to making an assignment of property. There is no indication that he followed the mandate of § 15–5–16.1. In *D'Agostino v. D'Agostino,* R.I., 463 A.2d 200 (1983), we noted that alimony and property division are different concepts. Alimony is a rehabilitative tool to provide support for an ex-spouse and is based on need. *Id.* 463 A.2d at 202. Conversely, assignment of property is not based on need but on the partnership theory of marriage; its purpose is to "provide a fair and just assignment of the marital assets." *Id.* 463 A.2d at 203. Accordingly, we emphasized that "it is important that the distinction between alimony and marital-property division not be blurred." *Id.* There is no indication that the trial court properly considered the plaintiff's support needs subsequent to making the assignment of property. We therefore remand this case to the Family Court with instructions to reconsider the award of alimony.

The defendant's appeal is denied in part and affirmed in part. This case is remanded to the Family Court for further proceedings in accordance with this opinion.

KELLEHER, WEISBERGER and SHEA, JJ., concur.

MURRAY, J., did not participate.