**Josephine M. PEZZULLI**

v.

**STATE of Rhode Island.**

**Evelyn I. BARONET**

v.

**STATE of Rhode Island.**

**Nos. 83–81–Appeal, 83–82–Appeal.**

Supreme Court of Rhode Island.

June 18, 1985.

Charles Greenwood (McKenna Greenwood & Feinstein), Providence, for plaintiffs.

Arlene Violet, Atty. Gen., Linda S. MacDonald, Sp. Asst. Atty. Gen., for defendant.

## OPINION

MURRAY, Justice.

Ronald Leone and Rudy Baronet were reported missing on October 3, 1977. The two young men had been at the Leone household when, at approximately 9:30 a.m., Ronald received a telephone call from an individual who requested that Ronald meet him at some location. Ronald asked Rudy to come along for the ride and the two friends left together. Neither has been seen or heard from since that day. The mothers of these young men, and the plaintiffs in this consolidated action, struggled through the next four and one-half years with no knowledge of the fate that had befallen their sons. Following their initial report and a police investigation, the plaintiffs periodically inquired into the status of the case, but they were given no information (nor was there any to give) until 1982. In March of that year, Josephine Pezzulli, the mother of Ronald, and Evelyn Baronet, the mother of Rudy, were informed by the Department of the Attorney General that a particular individual was suspected of having murdered their sons. This was the first official word, and indeed the only word, that the plaintiffs received concerning the disappearance of their sons.

With the cooperation of plaintiffs, a grand jury subsequently indicted Anthony Parillo on two separate counts of murder. Despite the fact that the bodies of Ronald Leone and Rudy Baronet were never recovered, Parillo was found guilty of murdering the two young men. On appeal to this court, Parillo's convictions were overturned and he was granted a new trial. *State v. Parillo,* — R.I. —, 480 A.2d 1349 (1984). As of this writing, Parillo has not been retried. In the meantime, on July 19, 1982, Mrs. Pezzulli and Mrs. Baronet filed two separate actions in the Superior Court pursuant to G.L.1956 (1981 Reenactment) chapter 25 of title 12, the Criminal Injuries Compensation Act of 1972. The separate complaints were identical except for the names of plaintiff and victim. Both plaintiffs sought compensation for the death of their sons. Following a hearing on September 15, 1982, a Superior Court justice granted summary judgment in favor of the State of Rhode Island in both cases. This appeal ensued. Because the factual and legal circumstances of both cases are identical, they have been consolidated for purposes of this appeal.

The Superior Court granted summary judgment in favor of the state on the ground that both complaints had been filed more than two years after the deaths of the victims. Section 12–25–6 states that "[a]ctions for compensation under this chapter shall be commenced within two (2) years after the date of the personal injury or death * * *." Since by all accounts Ronald and Rudy died on or about October 3, 1977, the Superior Court found the actions barred under § 12–25–6. Although we affirm the judgment of the Superior Court, we deem it unnecessary to reach the question of whether plaintiffs' claims were outside the statute of limitations. Even if the claims were timely filed, neither Mrs. Pezzulli nor Mrs. Baronet has stated a compensable claim under the Criminal Injuries Compensation Act.[1]

During the pendency of these two appeals, the General Assembly enacted P.L. 1984, ch. 354, § 2, significantly amending the Criminal Injuries Compensation Act. One of the changes made to the Act was undoubtedly in response to *Ayers-Schaffner v. Solomon,* — R.I. —, 461 A.2d 396 (1983), where this court held that a victim's estate is permitted to recover for the predeath pain and suffering of the victim of a violent crime. The amended language states, in pertinent part, that

> "When the plaintiff is the victim's estate, it shall only be awarded compensation for the victim's actual medical, hospital, funeral and burial expenses for which the victim or his estate is not compensated by any other source and for the loss of support to the dependents of the victim." P.L.1984, ch. 354, § 2.

This amendment was to "apply to all cases pending on the effect [*sic* ] date[,]" the

---

1. Although we deem it unnecessary to address them given our conclusion that no claim has been stated, this case presents more than one unique and interesting question of first impression. As outlined in *State v. Parillo,* — R.I. —, —, 480 A.2d 1349, 1351–53 (1984), the murders of Ronald Leone and Rudy Baronet allegedly occurred within an hour of their departure from Leone's house at 9:30 a.m. on October 3, 1977. Under a literal interpretation of G.L.1956 (1981 Reenactment) § 12–25–6, then, any claim under the Criminal Injuries Compensation Act would have expired on October 4, 1979, long before plaintiffs in this case were aware that a compensable crime had occurred. The plaintiffs urge this court that in the event of an "innocent unawareness of death due to a listed crime," the two-year statute of limitations should be tolled, or, in the alternative, we should adopt a "discovery" rule analogous to the rule in medical-malpractice cases. *Wilkinson v. Harrington,* 104 R.I. 224, 243 A.2d 745 (1968). There is a similar issue in this case with respect to the mandate of § 12–25–6 that "no compensation shall be awarded for an injury or death resulting from a crime which was not reported to the appropriate law enforcement authority within ten (10) days of its occurrence." Obviously, it would have been impossible for either plaintiff to have made such a report within the time frame specified, although plaintiffs did make a missing-person report almost immediately. We reserve judgment on these and related issues until an appropriate case presents itself for review.

effective date being May 11, 1984. P.L. 1984, ch. 354, § 4.

Although statutory changes are normally given prospective effect, this court has ruled that where the Legislature itself expresses a contrary intent, that determination is controlling:

> "While [this] appeal was pending, the General Assembly at its January 1979 session enacted P.L.1979, ch. 279 * * *. The enactment clause of the 1979 legislation specifically provided that the act was to be applied to all petitions pending on the date of passage of this act. When viewing similar language in *Zaharakos v. Zaharakos*, 118 R.I. 387, 388–89, 374 A.2d 101, 102 (1977), we ruled that there was no doubt that the Legislature intended the statute to be given retrospective effect, requiring us to adjudicate the case according to the law now existing."

*Bates v. Bates*, — R.I. —, —, 440 A.2d 724, 727 n. 1 (1982); *see also Dandeneau v. Board of Governors for Higher Education* [491 A.2d 1011] (1985).

 The plaintiffs state two injuries for which recovery is sought. The first is the pain and suffering of their sons. We find that the 1984 amendment to the Criminal Injuries Compensation Act precludes any such recovery by the legal representative or next of kin of a deceased victim and further that the amendment applies to the present case. The plaintiffs also seek compensation for the pecuniary loss occasioned them by the death of their sons. The complaint does not specify what that loss is, but § 12–25–2 states that, in the case of death, pecuniary loss means funeral and burial expenses as well as loss of support to the dependents of the victim. And

§ 12–25–6(e), added to the act by the 1984 amendment, states that when the plaintiff is the victim's estate, compensation may be awarded only for medical, hospital, funeral, and burial expenses and for loss of support to the dependents of the victim. Given the tragic nature of this case, there have been no medical or burial expenses. Nor have plaintiffs pled loss of support. At oral argument, counsel for plaintiffs agreed that plaintiffs are not dependents of the victims and that no loss of support has occurred. We hold, therefore, that plaintiffs have failed to state a compensable claim under the Criminal Injuries Compensation Act.[2]

The plaintiffs' appeal is denied and dismissed. The judgment appealed from is affirmed.

BEVILACQUA, C.J., did not participate.

---

2. During the pendency of this appeal Lori M. Leone, a minor, moved through her mother as next friend for permission to intervene as a party plaintiff. In support of that motion, counsel for plaintiffs submitted a memorandum stating that Lori M. Leone is the daughter of the deceased, Ronald Leone, and that the decision of this court will directly and conclusively affect her right to relief under the Criminal Injuries Compensation Act. Her motion was granted by this court on March 31, 1984. During oral argument, however, counsel for plaintiffs indicated that Lori M. Leone is *not* the daughter of Ronald Leone and has no interest in the outcome of this appeal. Given the confused nature of the pleadings and the oral representations made before this court, we vacate the order granting the motion to intervene. Our decision today in no way affects the rights of Lori M. Leone, and we leave her to pursue her remedies, if any, in the Superior Court.