Bevelyn G. HEALEY

v.

James T. HEALEY.

No. 90–487–A.

Supreme Court of Rhode Island.

May 29, 1991.

Charles Greenwood, McKenna, Greenwood & Feinstein, Providence, for plaintiff.

John J. Kupa, Jr., North Kingstown, for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on appeal from a Family Court order granting the defendant's motion to dismiss this divorce action under Rule 41(b)(2) of the Rhode Island Rules of Procedure for Domestic Relations. The parties had been directed to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In this case Bevelyn G. Healey (plaintiff) had filed a complaint for divorce in 1972. A Family Court justice entered a temporary decree ordering James T. Healey (defendant) to pay plaintiff the sum of $30 per week "for the temporary support and maintenance of the petitioner." On November 26, 1974, defendant filed a motion to modify and the matter was heard in part. However, there was no final adjudication of the motion to modify. The defendant stopped paying the support payments sometime in 1974.

On February 12, 1990, plaintiff filed a motion to reduce arrearages to judgment and for other relief. In response defendant filed a motion to dismiss a divorce action and all ancillary matters. On July 2, 1990, a Family Court justice entered an order dismissing plaintiff's complaint. He based his decision on the extreme length of time that had passed without any action on the case.

■ We recognize that Rule 41(b)(2) provides that the court may, in its discretion, dismiss any action for lack of prosecution where the action has been pending for more than five years. Here, it appears that the Family Court justice was well within the bounds of his discretion in dismissing a pending petition for divorce that had remained dormant for fourteen years.

■ However, the order entered dismissing the complaint under Rule 41(b)(2) also provided that "all matters pertaining to the plaintiff's complaint for divorce are also dismissed." The defendant argues before this court that this portion of the order means all matters, including plaintiff's claim for arrearages. We note that the Family Court justice's order does not actually say that he intended to cancel all defendant's obligations under the outstanding support order. In fact, we have grave doubts that he would have had the authority to do so.

It is well settled that all sums owed for support are the equivalent of judgment for debt. "Any allowance * * * shall be so regarded as a judgment for debt that suits may be brought * * * for amounts due and unpaid, from time to time." G.L.1956 (1988 Reenactment) § 15-5-16.3.

As recently as 1989 this court had the opportunity to reaffirm the principle enunciated as long ago as 1920:

"[E]ach unpaid installment as it accrues becomes in the nature of a judgment, regardless of whether the defaulting party has an understandable grievance against the former spouse." *Grissom v. Pawtucket Trust Co.,* 559 A.2d 1065, 1067 (R.I.1989) (quoting *Lippman v. Kay,* 415 A.2d 738, 743 (R.I.1980)).

In this case it was defendant's and not plaintiff's responsibility to press his motion to amend the order for support payments. Any alleged prejudice caused by the passage of time was directly the result of defendant's lack of diligence. It was not accurate to say that this case had lain "dormant," as defendant argues. Under our well-established law on this issue, each support payment due and unpaid became the equivalent of a judgment against defendant.

In view of the above, the Family Court lacks the authority to cancel out the defendant's obligations under a valid order, to bring about a result that a particular judge might believe to be more acceptable or just. Orders for support continue to run until amended by subsequent orders of the court following a timely application for relief and proof of changed circumstances. *Murphy v. Murphy*, 471 A.2d 619, 623 (R.I. 1984).

For these reasons the plaintiff's appeal is sustained in part. That portion of the order of the Family Court dismissing the petition for divorce for lack of prosecution under Rule 41(b)(2) is affirmed. The remainder of that order is vacated. The papers of the case are remanded to the Family Court for a determination of the amount of arrearage due under the unmodified order for support up until the effective date of the dismissal of the petition for divorce, as had been requested by the plaintiff.